ROBERT J. BULGER, GUARDIAN OF GEORGE PETRI, INCOMPETENT, ET AL., APPELLANTS, V. ALICE E. McCOURT ET AL., APPELLEES.

138 N. W. 2d 18

Filed November 19, 1965. No. 35970.

Robert J. Bulger, for appellants.

Martin, Davis, Mattoon & Matzke, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

SPENCER, J.

This is an action to construe a warranty deed and to declare the rights of the parties to certain oil, gas, and minerals in the property described in the deed.

On August 19, 1946, Albert T. Seybolt and Bessie L. Seybolt, husband and wife, executed the deed in question. Its granting clause is in part as follows: "* * * do hereby grant, bargain, sell, convey and confirm unto George Petri and Selma L. Petri husband and wife as JOINT TENANTS, and not as tenants in common, the following described real estate, situated in the County of Morrill and State of Nebraska, to-wit: North-West Quarter of Section Eighteen (18) Township Twenty-Three (23), North of Range Fifty-One (51) West of the 6th P.M. together with all the tenements, hereditaments and appurtenances to the same belonging, and all the estate, title, dower, right of homestead, claim or demand whatsoever of the said grantors, of, in or to the same, or any part thereof; subject to ONE-HALF OF ALL OIL AND MINERAL RIGHTS."

On August 29, 1949, the Seybolts executed a quit-claim deed to Willard L. Miller, conveying the "right, title and interest in and to all of the oil, gas or mineral rights owned by the grantors in the above described premises," the above-described premises being the same property described in the warranty deed hereinafter referred to as the Seybolt-Petri deed. By conveyance and other transfers the defendants and appellees, Alice E. McCourt and W. D. Landon, have succeeded to whatever interest Willard L. Miller acquired under said quit-claim deed.

One of the grantees, George Petri, is incompetent and Robert J. Bulger is his duly appointed, qualified, and acting guardian. The guardian in such capacity appears with the other joint tenant as plaintiffs and appellants herein.

It is the appellants' contention that the Seybolt-Petri deed conveyed the full interest owned by the Seybolts

without exception or reservation, and that appellants acquired all of the oil and mineral rights in said land. It is their contention that the "subject to" provision in the granting clause of the Seybolt-Petri deed did not constitute an exception or reservation of one-half of the oil and mineral rights but was merely a limitation on the liability of the grantors under the warranties in the deed. The appellees, on the other hand, contend that the "subject to" clause was intended to and did effectively except and reserve to the Seybolts, appellees' predecessors in title, an undivided one-half interest in the oil, gas, and minerals in and under and that may be produced from said land.

The case was tried to the court on appellants' amended petition, appellees' answer, appellants' reply, and on a motion by the appellees for summary judgment. The court sustained appellees' motion for summary judgment and dismissed the appellants' amended petition. It specifically determined that there was no genuine issue as to any material fact; that a construction of the Seybolt-Petri deed shows that an undivided one-half of the oil, gas, and other minerals in and under and that may be produced from the lands described in said deed was not conveyed to the Petris; and found that the appellees were entitled to judgment as a matter of law. Appellants have perfected an appeal to this court.

The order for summary judgment recites: "* * * the Court, having considered the record, stipulation and affidavits * * *." However, there is no bill of exceptions before this court, so the stipulations and affidavits, if they were actually offered in evidence, are not before us, even though the record indicates that the affidavits were filed in the office of the clerk of the district court.

In Peterson v. George, 168 Neb. 571, 96 N. W. 2d 627, we said: "Here there is no bill of exceptions. In view of that fact the following from Spidel Farm Supply, Inc. v. Line, supra, has application: 'At the hearing of the motion for summary judgment affidavits were presented

by the parties and considered by the court. * * * There is no affidavit preserved or contained in the bill of exceptions in this case. The effect of this omission is that any affidavit considered by the district court is not before and may not be considered by this court. An affidavit used as evidence in the district court cannot be considered on an appeal of a cause to this court unless it is offered in evidence in the trial court and preserved in and made a part of the bill of exceptions. * * * The fact that an affidavit used as evidence in the district court was filed in the office of the clerk of the district court and made a part of the transcript is not important to a consideration and decision of an appeal in the cause to this court. If such an affidavit is not preserved in a bill of exceptions, its existence or contents cannot be known by this court."

The following, also from Peterson v. George, *supra,* is pertinent herein: "A judgment of the district court brought to this court for review is supported by a presumption of correctness and the burden is upon the party complaining of the action of the former to show by the record that it is erroneous. It is presumed that an issue decided by the district court was correctly decided. The appellant, to prevail in such a situation, must present a record of the cause which establishes the contrary. * * * The condition of the record prevents this court from knowing the evidence presented to the trial court or which part of the evidence before it was accepted and acted upon."

In the absence of a bill of exceptions, no question will be considered which requires the examination of evidence produced in the trial court. See Wabel v. Ross, 153 Neb. 236, 44 N. W. 2d 312. We therefore confine ourselves to the question as to whether or not the pleadings sustain the judgment of the district court. In this respect, however, admissions of fact contained in the pleadings are treated as established and do not require support in the evidence. See Johnson v. School Dist. No.

3, 168 Neb. 547, 96 N. W. 2d 623. The facts detailed herein are embraced within that category.

The construction of the Seybolt-Petri deed involves actually the position of the words, "subject to one-half of all oil and mineral rights." They are in the granting clause, but appellants urge that because they do not follow the description of the land itself but are placed where encumbrances are usually described, they constitute no more than a limitation of liability under the warranty. With this we do not agree. Appellants cite an Oklahoma case, Rose v. Cook, 207 Okl. 582, 250 P. 2d 848, to sustain their position. In that case, however, the clause in question was not a part of the granting clause but was the concluding sentence in the habendum of the deed, the habendum clause being that portion of the deed beginning, "to have and to hold," and which in the Seybolt-Petri deed contains the warranty provisions. We do not consider this material, however, as a reservation need not be expressed in the granting clause of the deed but may be contained in the warranty clause, habendum or reddendum clause, or within the four corners of the deed. Section 76-205, R. R. S. 1943, requires this court to carry into effect the true intent of the parties so far as it can be ascertained from the whole instrument, if not inconsistent with law. Each word and provision of a conveyance must be given such significance as will make effective the intention of the parties. See Elrod v. Heirs, Devisees, etc., 156 Neb. 269, 55 N. W. 2d 673.

Contrary to appellants' position, we do not believe the language of the deed is so ambiguous or obscure as to make interpretation difficult. It seems apparent to us that the ordinary person would readily interpret the conveyance as a retention by the grantor of one-half of all oil and mineral rights. To hold that the questioned language in the granting clause, without more appearing, was solely a limitation on the liability of

the grantors under the warranties in the deed, would actually be a strained and unnatural construction.

Despite appellants' ingenious arguments, the words "subject to" are often used by nonlawyers to cover exceptions, reservations, and exclusions. We agree with appellants that the expression has no well-defined meaning, although ordinarily it will mean subordinate to, subservient to, or governed or affected by. See Black's Law Dictionary (4th Ed.), p. 1594.

In State ex rel. Johnson v. Tilley, 137 Neb. 173, 288 N. W. 521, which did not involve a conveyance, we said: "The words 'subject to' are defined as 'dependent upon; * * * limited by; * * *.'" We now hold that the expression "subject to" is a term of qualification which acquires its meaning from the context in which it appears. Here it is evident to us that in the Seybolt-Petri deed there was a reservation of one-half of all oil and mineral rights.

Appellants urge that the provisions of a deed are to be construed against the grantor and in favor of the grantee in the event of any ambiguity or uncertainty, and cite Gettel v. Hester, 165 Neb. 573, 86 N. W. 2d 613, to support that position. The case is no authority for appellants' position unless an ambiguity exists and there is evidence that the grantors prepared the instrument. In that case, the evidence was undisputed that the grantee was the one who had the instrument prepared and the grantor had no choice in the selection of the words used. In Gettel v. Hester, *supra,* we said: " 'Language used in a contract prepared by one of the parties thereto, which is susceptible to more than one construction, should receive such a construction as the party preparing the same at the time supposed the other party would give to it, or such a construction as the other party would be fairly justified in giving to it.' " The trouble with appellants' argument is that the pleadings do not disclose who prepared the deed, and we cannot consider that question in the absence of a bill of exceptions.

The trial court's order for summary judgment determined that the Seybolt-Petri deed did not convey "an undivided one-half of the oil, gas and other minerals * * *." Appellants urge that the use of the words "oil and mineral rights" excludes from their operation "gas" or "natural gas." In 1A Summers, Oil and Gas (Perm. Ed.), § 135, p. 268, the statement appears: "The courts are practically unanimous in holding that oil and gas are minerals in the broad and general sense in which that term is used."

In Belgum v. City of Kimball, 163 Neb. 774, 81 N. W. 2d 205, 62 A. L. R. 2d 1295, we said: "While there is apparently no issue raised in the instant case as to whether or not oil, petroleum, and natural gas are minerals, we believe that it would be proper to state that the term 'mineral' ordinarily embraces oil or petroleum and natural gas." (Citation of authorities omitted.) We reaffirm that statement, and hold that the term "minerals" ordinarily embraces oil, petroleum, and natural gas. This definition, of course, must give way to the rule that intention controls, and if from the context it is apparent that the parties did not so intend the term, it would be otherwise. Appellants insist that is the situation here and urge the application of the legal maxim "expressio unius est exclusio alterius" (the expression of one thing is the exclusion of another) to support their position. While there could be some merit in the appellants' argument if several items constituting minerals had been enumerated, we do not agree with its application herein. While gas is more closely associated with oil than with other minerals, we do not feel the use of the term "oil" excludes gas from the term "minerals." We find it more reasonable to believe that the parties intended to include oil and everything else which would be embraced within the term "minerals." The trial court so interpreted it.

Lastly, appellants complain that it was error for the trial court to dismiss their petition without declaring

the rights of the parties. There is no merit to appellants' assignment. The summary judgment proceedings required the court to construe the meaning of the questioned clause "subject to one-half of all oil and mineral rights." This was the sole question involved in appellants' action. The court by its order determined that the Seybolt-Petri deed affirmatively showed that an undivided one-half of all oil, gas, and other mineral rights in and under and that may be produced from the lands described in said deed were not conveyed to appellants, and found that the appellees were entitled to judgment as a matter of law. This accomplished everything that could have been accomplished if appellees had not filed a motion for summary judgment. We find that the order sustaining the motion for summary judgment and dismissing appellants' petition necessarily determined that appellants had no rights in the portion of the oil, gas, and mineral rights excepted from the deed.

For the reasons given, the judgment of the trial court is affirmed.

AFFIRMED.