715 So.2d 284 (1998)
Natasha SCHNEIDER and Gary Schneider, Appellants,
v.
Mark DiPAOLA, Appellee.
No. 97-01282.
District Court of Appeal of Florida, Second District.
May 1, 1998.
*285 Charles W. Hall and Dale L. Parker of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., St. Petersburg, for Appellants.
Royce C. Haddad, Jr. and Robert J. Shuttera of Carey & Hilbert, Clearwater, for Appellee.
PER CURIAM.
The appellants, Natasha and Gary Schneider, challenge the trial court's order awarding costs of $7,274.84 to the appellee, Mark DiPaola. We reverse.
The appellee brought a personal injury action against appellants for damages appellee sustained in a motor vehicle accident. The jury rendered a verdict which indicated that the accident was caused solely by the appellants' negligence. The jury awarded appellee economic damages of $6,000.00. However, the verdict also indicated that the appellee did not sustain a permanent injury and did not award noneconomic damages. Because the jury award of economic damages was less than a set-off that was stipulated to by the parties, the trial court entered a final judgment which awarded nothing to the appellee. Following the entry of the final judgment, the trial court determined that appellee was the prevailing party and found that he was entitled to litigation costs of $7,274.84. The appellants filed this timely appeal.
Section 57.041(1), Florida Statutes (1995), provides: "The party recovering judgment shall recover all his or her legal costs and charges, which shall be included in the judgment[.]" Since the appellee received nothing, the appellants were the parties recovering judgment. See also Weeks v. Klimas, 566 So.2d 344 (Fla. 2d DCA 1990); Militana v. Ladd, 605 So.2d 580 (Fla. 3d DCA 1992). The trial court erred in awarding costs to the appellee because it was the appellants who were the prevailing parties. Accordingly, the costs award to the appellee is reversed.
Reversed and remanded.
PATTERSON, A.C.J., and BLUE and GREEN, JJ., concur.