*1999 ND 223*

**Marla LEMER, a/k/a Marla Hager, Plaintiff, Appellee, and Cross–Appellant,**

v.

**Loren Leroy CAMPBELL, Defendant, Appellant and Cross–Appellee.**

No. 990078.

Supreme Court of North Dakota.

Dec. 1, 1999.

Rehearing Denied Dec. 22, 1999.

Michael Ward, Eaton, Van de Streek & Ward, Minot, N.D., for plaintiff, appellee and cross-appellant.

Michael J. Morley, Morley Law Firm, Ltd., Grand Forks, N.D., for defendant, appellant and cross-appellee.

NEUMANN, Justice.

[¶ 1] Loren Leroy Campbell appeals from a judgment against him for $12,-269.88 for costs and disbursements in favor of Marla Lemer in Lemer's negligence action against Campbell. Lemer cross-appeals from the jury verdict and judgment. We conclude the trial court did not abuse its discretion in awarding costs and disbursements against Campbell, and Lemer failed to establish any basis for reversing the judgment. We affirm.

I

[¶ 2] While westbound on Main Avenue in Bismarck on February 28, 1992, Lemer stopped her vehicle to make a left turn into a restaurant parking lot. Lemer's vehicle was struck from behind by a westbound vehicle operated by Campbell. Alleging she suffered disabling injuries, medical and rehabilitative expenses, pain and suffering, and loss of productive time and avocation, Lemer sued Campbell for damages. The jury returned a special verdict finding Campbell was negligent in the operation of his vehicle, and his negligence was a proximate cause of Lemer's injuries. The jury awarded Lemer damages of $3,000 for past medical expenses, and awarded no other damages.

[¶ 3] Campbell moved for an order 1) "off-setting and removing the past medical expense award"; 2) for judgment in his favor; and 3) awarding him taxable costs and disbursements. The trial court found "since Plaintiff Lemer's no-fault insurer had already paid approximately $25,000 of her past medical expenses, any amount up to $25,000 awarded to plaintiff by the jury should be off-set and deducted from a final judgment to be entered against defendant." The court ruled Lemer was the prevailing party for awarding costs and disbursements. The judgment awarded Lemer no damages and awarded her costs and disbursements of $12,269.88 under N.D.C.C. §§ 28–26–02 and 28–26–06.

II

[¶ 4] Campbell contends the trial court erred in concluding Lemer was the prevailing party and, therefore, entitled to recover costs and disbursements. Alternatively, Campbell contends the trial court should have determined both Lemer and Campbell were prevailing parties, and neither was entitled to recover costs and disbursements.

[¶ 5] Under N.D.R.Civ.P. 54(e), costs and disbursements must be allowed as provided by statute. Section 28–26–02, N.D.C.C., provides for the recovery of certain costs. Section 28–26–06, N.D.C.C., provides "the clerk shall tax as a part of the judgment in favor of the prevailing party his necessary disbursements" for legal fees for publication, witnesses, referees, and other officers, for transcripts, for necessary expenses of taking depositions and procuring evidence, for the reasonable

fees of expert witnesses, and for the actual expenses of expert witnesses.

[¶ 6] A trial court's decision on fees and costs under N.D.C.C. § 28–26–06 will not be overturned on appeal unless an abuse of discretion is shown. *Patterson v. Hutchens,* 529 N.W.2d 561, 567 (N.D.1995). A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner. *Lacher v. Anderson,* 526 N.W.2d 108, 112 (N.D. 1994).

[¶ 7] "Costs ordinarily are assessed in favor of winners and against losers." *State ex rel. Holloway v. First Am. Bank & Trust Co.,* 248 N.W.2d 859, 862 (N.D.1977). If opposing litigants each prevail on some issues, there may not be a single prevailing party against whom disbursements may be taxed. *Earthworks, Inc. v. Sehn,* 553 N.W.2d 490, 496 (N.D. 1996); *Liebelt v. Saby,* 279 N.W.2d 881, 888 (N.D.1979).

> In order to be considered a prevailing party in a tort action, a party must prevail at least on the issues of negligence and proximate cause. To hold otherwise would subject persons without the potential of legal liability for an alleged wrong to mandatory costs against them. Such an interpretation does not conform with the traditional meaning of "prevailing party."

*Andrews v. O'Hearn,* 387 N.W.2d 716, 732 (N.D.1986).

[¶ 8] Relying on *Schneider v. DiPaola,* 715 So.2d 284 (Fla.App.1998), Campbell contends he "must be determined to be the prevailing party in this case as the net judgment entered following the jury verdict awarded no damages to Hager." Mark DiPaola was awarded economic damages of $6,000 by the jury in his action against Natasha and Gary Schneider. Because the $6,000 damage award was less than a set-off stipulated to by the parties, the final judgment awarded nothing to DiPaola. The trial court determined DiPaola was the prevailing party and was entitled

to costs. The appellate court reversed, reasoning as follows:

> Section 57.041(1), Florida Statutes (1995), provides: "The party recovering judgment shall recover all his or her legal costs and charges, which shall be included in the judgment[.] Since [DiPaola] received nothing, [Schneiders] were the parties recovering judgment. (Citations omitted.) The trial court erred in awarding costs to [DiPaola] because it was [Schneiders] who were the prevailing parties."

*Schneider,* at 285. We decline to follow *Schneider.*

[¶ 9] "Generally, the prevailing party to a suit, for the purpose of determining who is entitled to costs, is the one who successfully prosecutes the action or successfully defends against it, prevailing on the merits of the main issue, in other words, the prevailing party is the one in whose favor the decision or verdict is rendered and the judgment entered." 20 Am. Jur.2d *Costs* § 12 (1995). "[A] prevailing party plaintiff may recover costs upon a money verdict which is rendered in his favor, even though the ultimate judgment is zero after deductions for settlements." *Id.* "The determination of who is the prevailing or successful party is based upon success upon the merits, not upon damages, and a party may be the prevailing party although he recovers no award of damages." 20 C.J.S. *Costs* § 11 (1990).

[¶ 10] In *Syverson v. Heitmann,* 171 Cal.App.3d 106, 214 Cal.Rptr. 581 (1985), the defendant asserted he received a judgment in his favor for the purpose of awarding costs when the plaintiff's settlement with one tortfeasor completely offset the damages the jury assessed against the nonsettling tortfeasor, thereby reducing the judgment to zero. The court held the plaintiff was entitled to costs, reasoning:

> Plaintiff *had* a legitimate cause of action and he *prevailed* on it. The jury found defendant liable for plaintiff's injuries. The fact that plaintiff is not entitled to

recover damages from defendant is due not to a failure to "make out his case," but solely to the fortuitous fact that the damages assessed by the jury equalled the sums previously received in settlement.

*Syverson,* at 586.

[¶ 11] The jury found Campbell negligent, his negligence was a proximate cause of Lemer's injuries, and awarded Lemer damages of $3,000. Thus, Lemer "prevail[ed] at least on the issues of negligence and proximate cause," and Campbell had "the potential of legal liability for an alleged wrong," *Andrews v. O'Hearn,* 387 N.W.2d at 732. Lemer's inability to recover damages from Campbell in accordance with the jury verdict was due "solely to the fortuitous fact that the damages assessed by the jury," *Syverson,* 214 Cal.Rptr. at 586, were offset by medical expense payments already paid by a no-fault automobile insurer under N.D.C.C. § 26.1–41–08.[1] We conclude Lemer was a prevailing party and the trial court did not abuse its discretion in awarding her costs under N.D.C.C. § 28–26–02 and her disbursements under N.D.C.C. § 28–26–06.

### III

[¶ 12] In her cross-appeal, Lemer contends the trial court committed numerous errors during the course of the trial.

### A

[¶ 13] Lemer contends the trial court should not "have allowed in the issue of drinking over objection." In his opening statement, Campbell's attorney said, "Lemer lost her driver's licence because of a driving under the influence charge." Lemer objected, and the trial court admonished the jury it "should forget hearing about anything of that nature." The scope and substance of counsels' opening statements and closing arguments lie within the trial court's discretion. *Nesseth v. Omlid,* 1998 ND 51, ¶ 8, 574 N.W.2d 848.

In its preliminary instructions, the trial court instructed the jury "the argument or other remarks of an attorney, except admissions and stipulations noted in the course of the trial, are not to be considered as evidence in this case." "A jury is presumed to follow instructions provided by this court." *State v. Osier,* 1999 ND 28, ¶ 24, 590 N.W.2d 205, quoting *State v. Asbridge,* 555 N.W.2d 571, 575 (N.D.1996).

[¶ 14] Later in his opening statement, Campbell's attorney again referred to Lemer's possible drinking. However, Lemer "did not object when these comments were made, nor did she request a curative instruction." *Nesseth v. Omlid,* 1998 ND 51, ¶ 8, 574 N.W.2d 848. Failure to object waives an improper argument. *Id.* Campbell's attorney's comment was not so severe as to place "an independent duty upon the court to confine the attorney to the permissible bounds of argument … and admonish the jury." *Id.,* quoting *Andrews v. O'Hearn,* 387 N.W.2d at 731. We conclude Lemer's failure to object waived any claim of error.

[¶ 15] Lemer complains in her brief about the following part of the opening statement by Campbell's attorney:

But I think, ladies and gentleman, what I think this case is really all about, and that you're going to see from the evidence, is the case of a lady, Marla Lemer, whose [sic] really never had too much money in her life, and who sees from this accident—who sees from Mr. Campbell in this accident, her chance to strike it rich. Win the lottery, if you will. Pull the slot. Arm the slot machines. Hope for the winning combination. Fill that tray with coins and money and strike it—strike it rich.

The comment, though inappropriate, did not place on the trial court an independent duty to limit counsel's statement or to admonish the jury. Lemer did not object

---

1. Chapter 26.1–41, N.D.C.C., does not specify how offsets for no-fault benefits should be treated in awarding litigation costs and disbursements.

to this improper comment, thereby forfeiting her claim of error.

[¶ 16] Lemer contends Campbell's attorney "started to make slurs concerning her drinking in the opening statement and continued it throughout the case. This left Marla with the difficult job of trying to prove she was not a lush." Other than the objection we have already noted, however, Lemer did not object, thereby waiving any individual errors. Lemer appears to argue the trial was infected with a number of improper references to drinking, and argues, in effect, this court should grant a mistrial. However, Lemer did not move for a new trial, which would have allowed the trial court to address this matter. "One of the touchstones for an effective appeal on any proper issue is that the matter was appropriately raised in the trial court so it could intelligently rule on it." *State v. Osier,* 1999 ND 28, ¶ 14, 590 N.W.2d 205. By not moving for a new trial, we conclude Lemer has failed to preserve as a separate ground for reversal her argument that evidence of drinking received without objection so permeated and tainted the proceeding as to deprive her of a fair trial.

## B

[¶ 17] Lemer contends Exhibit R should not "have been allowed into this case over objection." Exhibit R is a statement written by Lemer on June 26, 1995, stating:

I Marla Lemer paid you [$]45.00 and will pay the other $30.00 within 4 or 5 days. I am without a job because I have no license.

Lemer argues the exhibit was not relevant, or it should have been excluded by N.D.R.Ev. 403, "since any relevance in this case was totally overweighted by the prejudicial nature of such evidence."

[¶ 18] Relevant evidence is evidence that would reasonably and actually tend to prove or disprove a matter of fact in issue. *State v. Osier,* 1999 ND 28, ¶ 5, 590 N.W.2d 205. "We will not overturn a trial court's admission or exclusion of evidence on relevance grounds unless the trial court abused its discretion." *Id.* Under N.D.R.Ev. 402, relevant evidence is generally admissible, and irrelevant evidence is not admissible. Under N.D.R.Ev. 403, relevant evidence may be excluded if, among other reasons, "its probative value is substantially outweighed by the danger of unfair prejudice." The power to exclude evidence under N.D.R.Ev. 403 should be sparingly exercised. *State v. Klein,* 1999 ND 76, ¶ 5, 593 N.W.2d 325. Prejudice due to the probative force of evidence is not unfair prejudice. *Id.*

[¶ 19] One of the issues at trial was whether Lemer had lost her job as a hairdresser because she was physically unable to do the work as a result of the car accident. Exhibit R was relevant to that issue. Lemer has not shown the probative value of Exhibit R was substantially outweighed by the danger of unfair prejudice. We conclude the trial court did not abuse its discretion in admitting Exhibit R into evidence.

## C

[¶ 20] Lemer has asserted a number of grounds for reversing or retrying the amount of damages—"Campbell's constant attempts to prejudice the jury" by references to drinking and marijuana use; the $3,000 award for medical expenses is so inadequate as to show bias; and the damage award should be increased to include all of the medical expenses paid and some amount for future damages and pain and suffering.

[¶ 21] What we have already said about Campbell's references to drinking applies to his references to marijuana as well, and we need not further address Lemer's contention in this regard.

[¶ 22] Lemer asserts: "In this case we have damages of $30,000.00 in direct medi[c]al costs ... they only awarded $3,000.00. There is no logical relation-

ship by this award to the amount, which was received." Generally, a court should not disturb a jury's damages verdict unless it is so excessive or inadequate as to be without support in the evidence. *Nesseth v. Omlid,* 1998 ND 51, ¶ 13, 574 N.W.2d 848. In determining the sufficiency of the evidence to support a jury's award of damages, we must view the evidence in the light most favorable to the verdict. *Id.*

[¶ 23] Approximately $3,000 was paid for Lemer's medical expenses in the first year after the accident. Approximately $27,000 more, mostly for chiropractic care, was paid in the next five years. Dr. Thomas Litman, a specialist in orthopedic surgery, testified in a video deposition:

> Ms. Lemer's subjective complaints will persist ... at least until the—all the circumstances surrounding her—the claims she has have been settled. I—I just would not treat her at all for this— these subjective complaints. It's my opinion that she's gotten worse and worse in spite of all this treatment she's received. Extensive treatment. I think the treatment has probably added to her problems, rather than helped her at all.

Litman testified Lemer "has no impairment of function of her—any part of her body." On redirect examination, Litman testified that, in his opinion, "Ms. Lemer's own exercise program and return to full-time work is the key to her own recovery."

[¶ 24] Litman testified on cross-examination:

> I think that she's had way too much chiropractic treatment, and that chiropractic manipulation of those injured soft tissues has probably caused persistence of her discomfort, rather than relief of her discomfort. And I would— you know, if I had been seeing Ms. Lemer as a medical person, I would have stopped that chiropractic treatment a long, long time ago. I mean I would have—at most, a year of chiropractic. A year of chiropractic, they've done everything they can possibly do to help her,

and from then on, they're just causing persistence of the pain.

Litman also testified on cross-examination that, after "the first year or so ... appropriate treatment is exercise, muscle and joint stretching, maybe muscle strengthening, into the gym, back to normal life. And that's what's called rehabilitation. Back to normal life."

[¶ 25] Viewed in the light most favorable to the verdict, Dr. Litman's testimony supports the jury's damage award. The jury's award of damages is not inconsistent or unreconcilable with the evidence, and the amount does not raise a presumption of prejudice. As in *Nesseth v. Omlid,* 1998 ND 51, ¶ 16, 574 N.W.2d 848, the verdict "indicates the jury found [Lemer's] evidence about the extent of her injuries and medical expenses less credible than the evidence for [Campbell's] position, but did decide some past economic damages were credible."

## IV

[¶ 26] The judgment is affirmed.

[¶ 27] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, CAROL RONNING KAPSNER, JJ., concur.

MARING, Justice, concurring in part and dissenting in part.

[¶ 28] I concur in that part of the majority opinion holding Lemer's failure to object to improper comments made during opening statement waived her claim of error. I write separately, however, to emphasize our opinion today should not suggest we condone the behavior of Campbell's attorney in this case. During his opening statement, this attorney revisited the issue of Lemer's drinking after the trial court expressly ruled the subject was not proper and admonished the jury to disregard it. Also during his opening statement, without any supporting evidence, Campbell's attorney suggested Lemer intended to "strike it rich," "win the lottery," "pull the slot," and "hope for

the winning combination" through her suit for damages. He also commented that Lemer "never had too much money in her life" in a clear attempt to prejudice the jury against her based on her economic status. Characterizations like this of those who choose to use our courts destroy the very essence of the jury system. At trial, the opening statement should be used to explain "what evidence will be presented, to make it easier for the jurors to understand what is to follow, and to relate parts of the evidence and testimony to the whole"; it is not an occasion to influence the jury through improper argument. *Testa v. Village of Mundelein,* 89 F.3d 443, 446 (7th Cir.1996). Had Lemer objected to these statements and the trial court overruled the objections, I would consider such reversible error. In fact, I consider Campbell's attorney's statements as coming dangerously close to the line of depriving her of a fair trial.

[¶ 29] I also write to dissent from that part of the majority opinion upholding the jury verdict awarding Lemer past medical expenses and denying any recovery for pain and suffering. In *Slaubaugh v. Slaubaugh,* we reversed and remanded for a new trial where the jury verdict contained a substantial award for past medical expenses, but did not award damages for past pain, discomfort, and mental anguish. 466 N.W.2d 573, 577 (N.D.1991). I dissented in *Nesseth v. Omlid,* concluding the special verdict answers awarding $5,243.80 for past medical expenses and zero for past pain, discomfort, and mental anguish were inconsistent and irreconcilable. 1998 ND 51, ¶ 24, 574 N.W.2d 848. For the same reasons I dissented in *Nesseth,* I believe the jury award in this case was perverse, insufficient in light of the evidence, and irreconcilable.

[¶ 30] The jury found Campbell's negligent operation of his vehicle was the proximate cause of Lemer's injuries and awarded her $3,000 for past medical expenses. The medical records on which this award is based are replete with documentation of Lemer's ongoing chronic pain, headaches, and sleep difficulties. Even the medical expert retained by the defense agreed Lemer actually suffers from this pain. On this evidence, it is simply inconsistent for the jury to award medical expenses for treatment associated with pain, thus confirming the treatment's legitimacy, and then deny any recovery of damages for that very same pain and suffering.

[¶ 31] The damage award of zero for pain and suffering under these facts is so inadequate as to be without support of the evidence. This is not a case of meeting the statutory no-fault threshold by diagnostic testing or doctor shopping. The medical bills were for chiropractic treatments which were pain related. Had the jury awarded one dollar for pain and suffering, its verdict could not be questioned. But when it awards nothing it indicates a verdict based on prejudice and passion and not on the evidence.

[¶ 32] I would reverse and remand this case for a new trial on the issue of damages.

[¶ 33] Mary Muehlen Maring