PER CURIAM.
Shonte Butler (Butler) filed a personal injury complaint against Dominic Figliolia (Figliolia), Vincent Manno (Manno), and Allstate Insurance Company (Allstate) for two separate accidents occurring on December 19, 1995, and January 22, 1996. The claim against Allstate, Butler’s insurance carrier, was for breach of contract regarding the uninsured motorist provision of the policy. Butler’s claims against Allstate and Manno were settled out of court.
Butler’s claim against Figliolia proceeded to trial and the jury found that Figlio-lia’s negligence was a legal cause of the damage to Butler. The jury awarded $7,869 in damages for past medical care and treatment. However, the jury found that Butler did not sustain a permanent injury and declined to. award any future medical damages or future lost earning ability for the injuries she sustained. Pursuant to a stipulation that all past medical bills had been paid and would be set off post-trial, the trial court entered a final judgment in favor of Butler for $0. The final judgment expressly reserved jurisdiction to tax costs, and both sides filed motions to tax costs. The trial court granted Butler’s motion to tax costs and stated $4,556.40 shall be taxed against Figliolia. We reverse.
According to section 57.041(1) of the Florida Statutes (1997), “[t]he party recovering judgment shall recover all his or her legal. costs and charges which shall be included in the judgment.” Since the final judgment awarded Butler $0, she did not recover judgment. See Schneider v. DiPaola, 715 So.2d 284, 285 (Fla. 2d DCA 1998). Because Butler did not recover judgment in this case, we hold the trial court erred in awarding her costs. See id. Therefore, we reverse the final judgment taxing costs against Figliolia and remand the matter to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
KLEIN, TAYLOR and HAZOURI, JJ., concur.