2013 ND 219

**Patrick WAGNER, Plaintiff and Appellant**

v.

**CROSSLAND CONSTRUCTION COMPANY, INC., Baker Hughes Oilfield Operations, Inc., M & K Hotshot & Trucking, Inc., and Titan Specialties, Ltd., Defendants and Appellees.**

No. 20130056.

Supreme Court of North Dakota.

Nov. 25, 2013.

Ariston E. Johnson, Watford City, N.D., for plaintiff and appellant.

Sara E. Ruliffson (argued) and Richard H. McGee II (appeared), Minot, N.D., for defendants and appellees Crossland Construction Company, Inc., and Baker Hughes Oilfield Operations, Inc.

Vanessa L. Anderson (argued) and Robert B. Stock (appeared), Fargo, N.D., for defendants and appellees M & K Hotshot & Trucking, Inc., and Titan Specialties, Ltd.

MARING, Justice.

[¶ 1] Patrick Wagner appeals from a summary judgment holding as a matter of law that his property is burdened by either an express or an implied roadway easement and dismissing his claims for injunctive relief and damages against Crossland Construction Company, Inc. ("Crossland"), Baker Hughes Oilfield Operations, Inc. ("Baker"), M & K Hotshot & Trucking, Inc. ("M & K"), and Titan Specialties, Ltd. ("Titan"). We conclude that, as a matter of law, the language in the warranty deed at issue in this case did not create or reserve an express easement. We further conclude genuine issues of material fact precluded the district court from resolving whether an implied easement exists. We reverse and remand for further proceedings.

I

[¶ 2] Wagner owns a tract of land in Williams County. The controversy in this case centers on a recorded April 15, 1981, warranty deed in Wagner's chain of title which states the property is "subject to a road easement on the North 40.00 feet of the parcel." Wagner obtained his interest in the property through a 2009 warranty deed stating the conveyance was "SUBJECT to all prior exceptions, easements, restrictions and rights-of way of record." Baker owns a tract of land north of and adjacent to Wagner's property. M & K owns a tract of land east of and adjacent to Wagner's property. Titan owns a tract of land east of and adjacent to Baker's property. Before 2011, there existed a two-track dirt trail along the northern boundary of Wagner's property. In 2011, Baker hired Crossland to build a road within the 40–foot strip of Wagner's property and the adjacent 40–foot strip of Baker's property. Baker, M & K, and Titan use the road, now known and signed as "Commercial Drive," for industrial and commercial purposes.

[¶ 3] In December 2011, Wagner sued the defendants seeking damages for negligence and trespass and also sought an injunction prohibiting them from entering

his property. The defendants alleged their actions occurred within the boundaries of a roadway easement on Wagner's property. On cross motions for summary judgment, the district court ruled in favor of the defendants:

2. As a matter of law, the language in the April 15, 1981 deed creates an express easement that burdens the plaintiff's parcel of land for the purpose of a roadway upon the strip of land between the northern boundary of the plaintiff's parcel and a line parallel thereto and 40 feet south of the same.

3. In the alternative, as a matter of law, there is an implied easement that burden[ ]s the plaintiff's parcel of land as described in the preceding paragraph.

The court dismissed Wagner's claims for damages and injunctive relief as well as the defendants' counterclaims.

## II

[¶ 4] Wagner argues the district court erred in ruling as a matter of law that his property is burdened by either an express or an implied roadway easement.

[¶ 5] Our standard of review for summary judgments is well established: "Under N.D.R.Civ.P. 56, summary judgment is a procedural device for promptly resolving a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. The party moving for summary judgment must show there are no genuine issues of material fact and the case is appropriate for judgment as a matter of law. A district court's decision on a motion for summary judgment is a question of law that we review de novo on the record. In determining whether summary judgment was appropriately granted, we

view the evidence in the light most favorable to the party opposing the motion, giving that party the benefit of all favorable inferences which can reasonably be drawn from the record." *Lario Oil & Gas Co. v. EOG Resources, Inc.*, 2013 ND 98, ¶ 5, 832 N.W.2d 49 (quoting *Brigham Oil and Gas, L.P. v. Lario Oil & Gas Co.*, 2011 ND 154, ¶ 13, 801 N.W.2d 677).

[¶ 6] " 'An easement is an interest in land "consisting in the right to use or control the land, or an area above or below it, for a specific limited purpose." ' " *Niles v. Eldridge*, 2013 ND 52, ¶ 9, 828 N.W.2d 521 (quoting *Riverwood Commercial Park, LLC v. Standard Oil Co., Inc.*, 2005 ND 118, ¶ 10, 698 N.W.2d 478). An easement may be created by an express grant or reservation contained in a written instrument, *see* 25 Am. Jr.2d *Easements and Licenses* §§ 13, 15–17 (2004); N.D.C.C. § 47–05–02.1, or may arise by implication under the facts and circumstances of a particular case. *See* 25 Am.Jur.2d at § 19; *Mougey Farms v. Kaspari*, 1998 ND 118, ¶ 18, 579 N.W.2d 583.

### A

[¶ 7] Wagner argues the district court erred in concluding the language in the 1981 warranty deed created an express roadway easement.

[¶ 8] We described the rules for construing deeds in *Waldock v. Amber Harvest Corp.*, 2012 ND 180, ¶ 6, 820 N.W.2d 755 (quoting *Carkuff v. Balmer*, 2011 ND 60, ¶ 8, 795 N.W.2d 303):

In construing a deed, the primary purpose is "to ascertain and effectuate the grantor's intent, and deeds are construed in the same manner as contracts." *State Bank & Trust of Kenmare v. Brekke*, 1999 ND 212, ¶ 12, 602 N.W.2d 681; *see Williams Co. v. Hamil-*

*ton,* 427 N.W.2d 822, 823 (N.D.1988). If a deed is unambiguous, this Court determines the parties' intent from the instrument itself. *See Brekke,* at ¶ 12; *Stracka v. Peterson,* 377 N.W.2d 580, 582 (N.D.1985). In other words, "[t]he language of the deed, if clear and explicit, governs its interpretation; the parties' mutual intentions must be ascertained from the four corners of the deed, if possible." *North Shore, Inc. v. Wakefield,* 530 N.W.2d 297, 300 (N.D.1995); *see* N.D.C.C. §§ 9–07–02, 9–07–03, 9–07–04, 47–09–11. Whether or not a contract is ambiguous is a question of law. *Brekke,* at ¶ 12.

[¶ 9] The April 15, 1981, warranty deed conveys the property to the grantee "subject to a road easement on the North 40.00 feet of the parcel." The defendants rely on *City of Revere v. Boston/Logan Airport Assocs., LLC,* 416 F.Supp.2d 200, 207 (D.Ct.Mass.2005) (construing Massachusetts law); *Aszmus v. Nelson,* 743 P.2d 377, 379 (Alaska 1987); *Katkish v. Pearce,* 490 A.2d 626, 628 (D.C.Ct.App.1985); *Nolan v. Stuebner,* 429 N.W.2d 918, 922 (Minn.Ct.App.1988); and *Jakobson v. Chestnut Hill Props., Inc.,* 106 Misc.2d 918, 436 N.Y.S.2d 806, 810 (N.Y.Sup.Ct. 1981), *overruled on other grounds, Marchand v. New York State Dep't of Envtl. Conservation,* 19 N.Y.3d 616, 950 N.Y.S.2d 496, 973 N.E.2d 1270 (2012), for the proposition that use of the words "subject to" in a deed expressly creates or reserves an easement as a matter of law.

[¶ 10] This Court, however, has followed the general rule and has not interpreted the deed language "subject to" in the same manner as those courts. In *Monson v. Dwyer,* 378 N.W.2d 865, 866 (N.D.1985) (internal citations omitted), this Court explained:

We have stated that the words "subject to" are generally terms of qualifica-

tion meaning "subordinate to", "subservient to", "limited by", or "charged with". These words connote a limitation on a grantor's warranty and not a reservation of rights. This interpretation of the words "subject to" is the generally accepted view and is properly adhered to by the trial court in the instant case. We conclude that the words "subject to" in the Monson–Dwyer deed do not act as words of reservation.

*See also Stracka v. Peterson,* 377 N.W.2d 580, 582–83 (N.D.1985) (same); 23 Am. Jur.2d *Deeds* § 246 (2002); 26A C.J.S. *Deeds* § 320 (2011). Under the same reasoning adopted by this Court, other courts have ruled use of the language "subject to" in a warranty deed does not create or reserve an easement. *See, e.g., Blazer v. Wall,* 343 Mont. 173, 183 P.3d 84, 94 (2008); *Beattie v. State ex rel. Grand River Dam Auth.,* 41 P.3d 377, 383 (Okla. 2002); *Renner v. Crisman,* 80 S.D. 532, 127 N.W.2d 717, 721 (1964); *Hancock v. Planned Dev. Corp.,* 791 P.2d 183, 186 (Utah 1990). Although *Monson* and *Stracka* did not involve disputes over whether the "subject to" language created or reserved easements, we see no principled reason to interpret the deed language differently in this case.

[¶ 11] The defendants argue *Monson* and *Stracka* are distinguishable under the circumstances. The issues in *Monson,* 378 N.W.2d at 866, and *Stracka,* 377 N.W.2d at 582, were whether the words "subject to" in warranty deeds created reservations of mineral interests. In both cases, this Court distinguished *Bulger v. McCourt,* 179 Neb. 316, 138 N.W.2d 18, 22 (1965), in which the Nebraska Supreme Court ruled the words "subject to" in a warranty deed constituted a reservation of mineral interests. This Court distinguished *Bulger* because, unlike the situations before it, in *Bulger* there was no prior reservation of a

mineral interest to which the words "subject to" could refer, and consequently, the words must necessarily express an intent to reserve mineral interests. *See Monson*, at 867; *Stracka*, at 583 n. 4. Because in this case, as in *Bulger*, there are no prior recorded easements to which the "subject to" language could refer, the defendants argue we should adopt the reasoning of the *Bulger* court and conclude the 1981 warranty deed expressly reserved a roadway easement as a matter of law.

[¶ 12] The defendants' argument ignores their alternative theory that the subject property is burdened by an implied easement. An implied "easement may be found to be openly and visibly apparent." 25 Am.Jur.2d *Easements and Licenses* § 7 (2004) (footnote omitted). The defendants have alleged there has been a roadway on the north 40 feet of Wagner's property "for a period of twenty years or more." In an affidavit, Wagner stated:

11. Prior to Crossland Construction Company, Inc. constructing the gravel road that now stands upon my land, there was a two-track dirt trail. This trail was used only to access a small piece of farmland to the east of the lands involved in this lawsuit. From what I have learned in talking to people who have knowledge of the earlier history of the dirt trail, I know that it was used mainly to check on small herds of livestock, such as goats, that were kept there. Buck Scheele also kept some of his company's scrap metal and other junk on the land and used the dirt trail to access it. The road was used with permission of the owners of what is now my land. The total traffic level was very low. In the summer, one or two vehicles per week would have been the maximum traffic. In the winter, there was no traffic at all. The dirt track was much less than 40 feet onto what is now my land at any point. It is impossible

now to determine how far onto my land it ran because the defendants in this lawsuit destroyed it by building a large gravel road in that area.

This evidence permits an inference that the dirt trail was in existence well before the 1981 warranty deed was executed and the grantor intended to limit the warranty because of the possible existence of an implied easement. *Cf. Hancock*, 791 P.2d at 186 (grantor who inserted "Subject to fence line encroachment along East line" in warranty deed "apparently did so in order to insulate herself from a suit by her grantee ... in the event [a] claim of title to the strip of land by acquiescence proved to be valid"). Consequently, the circumstances of this case parallel the facts in *Monson* and *Stracka* rather than the facts in *Bulger*.

[¶ 13] We conclude as a matter of law that the language of the 1981 warranty deed did not create or reserve an express roadway easement.

## B

[¶ 14] Wagner argues the district court erred in ruling as a matter of law that his property was burdened by an implied roadway easement.

[¶ 15] The defendants rely on three different types of implied easements: 1) an implied common-law dedication of an easement as a public right of way; 2) an easement by prescription; and 3) an easement by necessity. A common-law dedication requires an intention to dedicate and public acceptance of the dedication. *See Tibert v. City of Minto*, 2004 ND 97, ¶ 15, 679 N.W.2d 440. The proponent of a common-law dedication has the burden of proving its existence by clear and convincing evidence. *Id.* at ¶ 16. Whether a common-law dedication has been made is a question of fact. *Id.* at ¶ 17.

[¶ 16] "Under N.D.C.C. § 24–07–01, a party asserting the existence of a public road by prescription has the burden of establishing by clear and convincing evidence the general, continuous, uninterrupted and adverse use of a road by the public under a claim of right for 20 years." *Home of Economy v. Burlington Northern Santa Fe R.R.*, 2007 ND 127, ¶ 14, 736 N.W.2d 780. In *Berger v. Berger*, 88 N.W.2d 98, 103 (N.D.1958), this Court explained:

> To establish a public way by prescription it is necessary for the plaintiff to prove an adverse use of the land which had continued for more than 20 years under a claim of right and with the acquiescence of the defendants or their predecessor in title. The mere fact of the user by the public for the period required to establish a public way, raises no presumption that such use is adverse. To establish such a use a further fact must be proved, or admitted, that the general public used the way as a public right; and that it did, must be proved by facts which distinguish the use relied on from rightful use by those who have permissive right to travel over the private way.

The issue of adverse and hostile use is ordinarily a question of fact. *See Home of Economy*, at ¶ 16. But whether the facts as found by the district court support the conclusion that a prescriptive easement exists is a question of law fully reviewable on appeal. *See Gajewski v. Taylor*, 536 N.W.2d 360, 362 (N.D.1995).

[¶ 17] An easement by necessity "arises where there is a conveyance of a part of a tract of land of such nature and extent that either the part conveyed or the part retained is shut off from access to a road to the outer world by the land from which it is severed or by this land and the land of strangers." *Mougey Farms*, 1998 ND 118, ¶ 14, 579 N.W.2d 583 (internal citations and quotation marks omitted). "The result is 'by implication of the law ... a way of necessity across the grantor's property to the roadway.'" *Griffeth v. Eid*, 1998 ND 38, ¶ 12, 573 N.W.2d 829 (internal citation omitted). "An easement by necessity may not be obtained over the land of a third party." *Id.* The burden of proving an alternative mode of access is not available is on the person claiming the easement by necessity. *Id.* Although the district court's underlying findings of fact in implied easement cases are subject to the clearly erroneous standard of review, whether the underlying facts support the existence of an implied easement is a question of law subject to de novo review. *Id.* at ¶ 6.

[¶ 18] The district court erred in ruling there was an implied roadway easement as a matter of law. First, the court failed to identify which type of easement alleged by the defendants was applicable and failed to set forth any undisputed facts that would establish an implied easement. If a court "does not provide an adequate explanation of the evidentiary and legal basis for its decision we are left to merely speculate whether the court properly applied the law." *Empower the Taxpayer v. Fong*, 2013 ND 187, ¶ 7, 838 N.W.2d 452. Second, and foremost, the facts relevant to whether an implied easement exists are disputed by the parties.

[¶ 19] The defendants argue there is no genuine issue of material fact about the existence of a common-law dedication of an easement for a public right of way based on the language used in the 1981 warranty deed and subsequent deeds in the chain of title, recorded plats of the property, and by the public's "general use of the easement as a road." However, the defendants have not alleged any government involvement with the roadway, and Wag-

ner has alleged in his affidavit that "[t]he north boundary line of my property is not a section line," the amount of traffic on the trail "was very low," and the few persons who used it had the "permission of the owners of what is now my land." *See McKenzie County v. Reichman*, 2012 ND 20, ¶ 24, 812 N.W.2d 332 ("the expenditure of public funds for maintenance of a road provides an indication the road is a public road"). The defendants argue a prescriptive easement arose as a matter of law because "the public has used the north forty feet of Wagner's property as a road for at least the past twenty years." But, once again, Wagner alleged the road was used with the permission of the landowners, which creates a genuine issue of material fact whether use of the road was permissive rather than adverse. Although some of the defendants argue they have established an easement by necessity as a matter of law because they are "landlocked," Wagner alleged in his affidavit that use of his property to access their property "was not necessary . . . because they had other access from the south." This again creates a genuine issue of material fact.

[¶ 20] Under these circumstances, the question whether an implied easement exists is not amenable to disposition by summary judgment. We conclude the district court erred in ruling as a matter of law that Wagner's property is burdened by an implied roadway easement.

### III

[¶ 21] We do not address other arguments raised because they either are unnecessary to the decision or are without merit. We reverse the summary judgment and remand for further proceedings.

[¶ 22] GERALD W. VANDE WALLE, C.J., BENNY A. GRAFF, S.J., DALE V. SANDSTROM, JJ., concur.

I concur in the result. DANIEL J. CROTHERS.

[¶ 23] The Honorable BENNY A. GRAFF, S.J., sitting in place of KAPSNER, J., disqualified.