# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 81

Lincoln Land Development, LLP,            Plaintiff and Appellee

v.

City of Lincoln,            Defendant and Appellant

No. 20180117

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable James S. Hill, Judge.

AFFIRMED AND REMANDED.

Opinion of the Court by Crothers, Justice.

Paul R. Sanderson (argued) and William J. Behrmann (on brief), Bismarck, ND, for plaintiff and appellee.

Randall J. Bakke (argued) and Bradley N. Wiederholt (appeared), Bismarck, ND, for defendant and appellant.

**Lincoln Land Development, LLP v. City of Lincoln**
**No. 20180117**

**Crothers, Justice.**

[¶1] The City of Lincoln appeals from a district court's amended judgment awarding damages and attorney fees for taking land owned by Lincoln Land Development, LLP. We affirm the taking decision, award of attorney fees, and remand to consider awarding attorney fees on appeal.

I

[¶2] In the mid-1980s the City of Lincoln established a narrow, two-tire-track dirt road over private property to access its wastewater treatment site. In 2005 Lincoln Land Development purchased the property. In 2011 the City improved the dirt road by raising the road profile, widening the road top, constructing ditches, installing culverts and completing gravel resurfacing to standardize the width and height of the road. The City did not obtain permission from Lincoln Land Development before commencing the improvement project and did not initiate eminent domain proceedings.

[¶3] Lincoln Land Development sued the City in February 2015 for inverse condemnation, trespass and nuisance relating to the City's 2011 improvement of the road. Lincoln Land Development moved to amend its complaint to assert claims relating to increased surface water drainage and damages caused by stormwater retention. The City denied a taking occurred and raised affirmative defenses, including claiming a public easement through prescriptive use, the existence of an express or implied easement, an easement by estoppel, or a government mandate required the project.

[¶4] The district court found Lincoln Land Development's claims of nuisance and trespass were time-barred and dismissed them with prejudice in March 2015. In September 2017 a bench trial was held and claims based on increased surface water

1

drainage, wetlands and stormwater retention ponds were dismissed. At the conclusion of the bench trial, the district court found that the City established a prescriptive easement in the pre-2011 road and that a taking occurred when additional property was used in the 2011 road improvement. A jury subsequently determined the value of the taking was $8,924.00 plus interest. The district court subsequently granted Lincoln Land Development's motion for attorney fees of $122,705.50. The City appeals.

## II

[¶5] The City argues no taking occurred because a permanent easement by implication, estoppel or an express grant of a right-of-way existed starting in the 1980s, which allowed the 2011 road improvement project to proceed without further action.

[¶6] An easement is an interest in land granting the right to use or control the land for a specific purpose. *Wagner v. Crossland Constr. Co., Inc.*, 2013 ND 219, ¶ 6, 840 N.W.2d 81. An easement may be created by an express grant or reservation contained in a written instrument, or may arise by implication under the facts and circumstances of a particular case. *Id.* An easement by estoppel exists when the owner of the servient estate permits another to use the land under foreseeable circumstance, the user relied on that belief, and injustice can be avoided only by establishment of the servitude. *Hager v. City of Devils Lake*, 2009 ND 180, ¶ 48, 773 N.W.2d 420. The district court's underlying findings of fact in easement cases are subject to the clearly erroneous standard of review, but whether the underlying facts support the existence of an implied easement is a question of law subject to de novo review. *Wagner*, 2013 ND 219, ¶ 17, 840 N.W.2d 81.

[¶7] Section 47-05-02.1, N.D.C.C., requires an easement is properly described:

> "Real property easements, servitudes, or any nonappurtenant restrictions on the use of real property, which become binding after July 1, 1977, shall be subject to the requirements of this section. These requirements are deemed a part of any agreement for such interests in real property whether or not printed in a document of agreement.

2

1. The area of land covered by the easement, servitude, or nonappurtenant restriction on the use of real property shall be properly described and shall set out the area of land covered by the interest in real property.

2. The duration of the easement, servitude, or nonappurtenant restriction on the use of real property must be specifically set out, and in no case may the duration of any interest in real property regulated by this section exceed ninety-nine years. The duration of an easement for a waterfowl production area acquired by the federal government, and consented to by the governor or the appropriate state agency after July 1, 1985, may not exceed fifty years. A waterfowl production area easement that exceeds fifty years or which purports to be perpetual may be extended by negotiation between the owner of the easement and the owner of the servient tenement. A waterfowl production area easement that exceeds fifty years or which purports to be permanent and is not extended by negotiation is void. The duration of a wetlands reserve program easement acquired by the federal government pursuant to the Food, Agriculture, Conservation, and Trade Act of 1990 after July 1, 1991, may not exceed thirty years.

3. No increase in the area of real property subject to the easement, servitude, or nonappurtenant restriction shall be made except by negotiation between the owner of the easement, servitude, or nonappurtenant restriction and the owner of the servient tenement."

[¶8]    The City argues the district court minimized and discounted several critically important trial exhibits relating to its easement defense. However, in the forty-two-page order for judgment the district court fully explains how the various exhibits interact and why no written easement exists. Because the City did not provide transcripts as required by Rule 10(b), N.D.R.App.P., our review is limited to the evidence in the record and the findings and order for judgment issued by the district court.

[¶9]    The findings reflect the managing partner of Lincoln Land Development testified the deed it received when the property was purchased did not contain a grant or reservation of a road. He also testified no easement was recorded with the Burleigh

3

County recorder and no express easement was granted to the City after Lincoln Land Development purchased the property. Title insurance documents did not identify an easement for the road. The only recorded easement was from 1984 where the previous owner granted the city a "perpetual sewer line easement" consisting of "a strip of land twenty feet in width" for "the passage of wastewater from land in the City of Lincoln to be piped to the Lincoln wastewater site." The previous owner, a neighboring property owner, and a city council member all testified to the condition of the property before the 2011 improvements as a two-tire-track road approximately six to ten feet wide with vegetation sometimes growing in the middle of the tracks. Their testimony established the dirt road was not raised, had no adjacent ditches, and had no culverts.

[¶10] The City introduced an unrecorded plat from an abandoned construction project, a proposed plat, a 1985 letter from the mayor to the property owners regarding approval of a plat, a letter from counsel representing the 1985 property owners, and other historical records in relation to an abandoned "North Lincoln First Addition" which included the road in question. The district court found these documents "needed a storyteller" to explain how they worked together, and as a matter of law did not create an easement. The district court found the City did not introduce testimony to support the theory intended by these documents. The district court was not persuaded by the testimony of the former city engineer because he did not have personal knowledge of the documents and was merely reading the recently discovered evidence and offering an opinion without being designated as an expert witness. The City suggested a mandate by the North Dakota Department of Health required the road construction, but the district court noted no corroborating testimony existed from the Department of Health, and even if such a mandate existed, the City still was obligated to obtain easements for the project.

[¶11] The district court found the City failed to prove a permanent easement by implication, estoppel or express grant as required by N.D.C.C. § 47-05-02.1. On appeal we do not reweigh conflicting evidence and give due regard to the district

4

court's opportunity to judge the credibility of the witnesses. *Brandt v. Somerville*, 2005 ND 35, ¶ 12, 692 N.W.2d 144. Evidence supports the district court's findings and we are not left with a definite and firm conviction the court erred in finding no easement existed by implication, estoppel or express grant. The findings are not clearly erroneous.

III

[¶12] The City argues the district court erred in finding the 2011 road improvement project constituted a taking because the City's prescriptive easement in the pre-2011 road barred Lincoln Land Development from recovering on an inverse condemnation claim.

[¶13] This Court will not reverse a judgment supported by findings of fact which are not clearly erroneous and which are not induced by an erroneous view of the law. *Keidel v. Rask*, 304 N.W.2d 402, 403 (N.D. 1981). A prescriptive easement extinguishes a landowner's right to inverse condemnation claims; however, the extent of a prescriptive easement is fixed by the use through which it was created, and use of the easement must be within the range of privileges asserted by the adverse party and acquiesced in by the owner of the servient tenement. *Keidel v. Rask*, 290 N.W.2d 255, 258 (N.D. 1980).

[¶14] The district court found the City obtained an easement by prescription in the pre-2011 road through general, continuous, and adverse use by the public for twenty years prior to Lincoln Land Development taking title to the property. Neither party disputes this fact. The court also found the pre- and post-2011 roads follow the same path, but are structurally different. The court explained that the difference between the two-tire-track road existing until 2011 and the 2011 road improvement with gravel surfacing, grading and culverts is the asserted taking of private property for public use.

[¶15] The final construction plans for the 2011 project show the pre-2011 two-tire-track road was between six and ten feet wide and was not elevated above the adjacent

5

ground. The new roadway has a sixteen-foot wide surface with a seventeen-foot road top sub-base and identified stripping limits for either a 4:1 or 6:1 downslope to the original grade of the property. The construction plans showed two to three and a half foot ditches with a flat ditch bottom approximately ten feet wide. The plans also called for installation of culverts, one of which was installed on Lincoln Land Development's property.

[¶16] The City argues the district court erred by issuing a curative jury instruction to consider the City's prescriptive easement as a taking of private property for public use:

> "At the same time the Court has also legally determined that the City of Lincoln had, by the year 2011, acquired a right of access, known as a prescriptive easement, on a portion of the property belonging to Lincoln Land Development which, as noted, the Court has concluded does constitutes [sic] 'taking for public use' by the City of Lincoln."

The City fails to account for the preceding paragraph of the jury instruction:

> "This Court has also found that there has been a 'governmental taking' by the City of Lincoln of private property of Lincoln Land Development, LLP, as a result of the construction/improvement of Lagoon [Road] in 2011 for which Lincoln Land Development is entitled to be compensated."

[¶17] Reading the jury instruction as a whole, the district court's basis for the taking was the difference between the two-tire-track dirt road that existed until 2011 and the raised, graded road with ditches and culverts that existed after 2011. The jury was left to determine the scope of the additional taking and damages:

> "This present case is being presented to you to determine first, the extent and scope of the prescriptive easement; and second, the compensation and damages, if any, that should be awarded to Lincoln Land Development for the property taken by the City of Lincoln in the improvement/construction of Lagoon Road in the year 2011."

[¶18] The district court did not err in finding a taking consisted of the different use and occupation of Lincoln Land Development's land between the pre-2011 two-tire-track road and the post-2011 road after improvement.

6

IV

A

[¶19]   The City argues the district court erred in finding Lincoln Land Development was the prevailing party for purposes of awarding costs and attorney fees.

[¶20]   We review a district court's decision on attorney fees under the abuse of discretion standard. *City of Medora v. Golberg*, 1997 ND 190, ¶ 18, 569 N.W.2d 257. "A trial court's decision on fees and costs . . . will not be overturned on appeal unless an abuse of discretion is shown." *Lemer v. Campbell*, 1999 ND 223, ¶ 6, 602 N.W.2d 686.   A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law. *Thompson v. Schmitz*, 2011 ND 70, ¶ 18, 795 N.W.2d 913.

[¶21]   Section 32-15-32, N.D.C.C., provides for costs in eminent domain cases:

> "The court may in its discretion award to the defendant reasonable actual or statutory costs or both, which may include interest from the time of taking except interest on the amount of a deposit which is available for withdrawal without prejudice to right of appeal, costs on appeal, and reasonable attorney's fees for all judicial proceedings. If the defendant appeals and does not prevail, the costs on appeal may be taxed against the defendant. In all cases when a new trial has been granted upon the application of the defendant and the defendant has failed upon such trial to obtain greater compensation than was allowed the defendant upon the first trial, the costs of such new trial shall be taxed against the defendant."

[¶22]   Section 32-15-32, N.D.C.C., authorizes the district court to award a defendant reasonable attorney fees for all judicial proceedings in an eminent domain action. *Golberg*, 1997 ND 190, ¶ 18, 569 N.W.2d 257.   The district court may award reasonable costs and attorney fees to a landowner-plaintiff in an inverse condemnation action. *Lenertz v. City of Minot*, 2019 ND 53, ¶ 33.

[¶23]   Here, the district court awarded costs to Lincoln Land Development as the prevailing party under N.D.C.C. § 32-15-32. The City incorrectly argues they are the prevailing party because Lincoln Land Development asserted five distinct inverse condemnation claims and prevailed on only one. The district court corrected the City

7

multiple times throughout the proceedings, and found Lincoln Land Development was the prevailing party on the inverse condemnation claim. The district court explained that what the City described as multiple inverse condemnation claims were merely several theories of damage. The district court found in its order denying a motion to correct findings dated January 23, 2018, "[simply] because the Court eliminated some theories of recovery asserted by Lincoln Land Development does not change the reality that Lincoln Land Development was and is the prevailing party on its inverse condemnation action." The district court judge found Lincoln Land Development was the prevailing party during both the bench and jury portions of the trial.

[¶24] The City alternatively argues that successfully defending against many of Lincoln Land Development's claims makes it the prevailing party for purposes of awarding costs under N.D.C.C. §§ 28-26-02 and 28-26-06. We have rejected this argument in eminent domain and inverse condemnation cases. *See N.D. Dep't of Transp. v. Rosie Glow, LLC*, 2018 ND 123, ¶ 23, 911 N.W.2d 334 (internal citations omitted). We have specifically held the cost and fee provisions of N.D.C.C. §§ 28-26-02 and 28-26-06 do not apply to proceedings under N.D.C.C. ch. 32-15. *City of Jamestown v. Leevers Supermarkets, Inc.*, 552 N.W.2d 365, 375 (N.D. 1996); *Lenertz v. City of Minot*, 2019 ND 53, ¶ 33. Here, the specific language in N.D.C.C. ch. 32-15 governs the disbursement of costs and attorney fees in eminent domain proceedings. *Lenertz*, at ¶ 33. Thus, the City is not eligible to recover costs under N.D.C.C. §§ 28-26-02 or 28-26-06 because these sections do not apply to proceedings under N.D.C.C. ch. 32-15.

[¶25] Based upon the entire record, we cannot say the court's award of costs, disbursements and attorney fees under Section 32-15-32, N.D.C.C., was arbitrary, capricious, or unreasonable. The court considered the facts and the law and reached a reasoned and reasonable determination. The court's award was not an abuse of discretion.

B

8

[¶26] Lincoln Land Development requests a remand to the district court for determination of reasonable attorney fees for defending this appeal. Section 32-15-32, N.D.C.C., authorizes the award of reasonable attorney fees "for all judicial proceedings" in an action of inverse condemnation or eminent domain. This language permits an award of reasonable attorney fees to the prevailing party for defending an appeal to this Court. *Dutchuk v. Bd. of Cnty. Comm'rs*, 429 N.W.2d 21, 24 (N.D. Ct. App. 1988). We remand to the district court for a determination of reasonable attorney fees on appeal, if any.

V

[¶27] The district court did not err in determining that the pre-2011 two-tire-track road was under the protection of a prescriptive easement and that a taking occurred with the 2011 road improvement project. Lincoln Land Development is entitled to costs and fees. We affirm the amended judgment, the taking decision and award of attorney fees. We remand for consideration whether Lincoln Land Development should recover attorney fees on appeal.

[¶28] Daniel J. Crothers
Lisa Fair McEvers
Jon J. Jensen
Jerod E. Tufte
Gerald W. VandeWalle, C.J.