JAMES SLOAN ET AL. *v.* THE LAWRENCE FURNACE CO.

The words "reserving all the minerals underlying the soil," in the granting clause of a deed for the conveyance of real estate, constitute, *prima facie*, an exception of the minerals from the operation of the grant.

MOTION for leave to file a petition in error to the District Court of Lawrence county.

The original action was brought by the defendant in error against "The Iron and Steel Co.," to recover a royalty of fifty cents per ton on iron ore mined by the defendant on certain lands named. The plaintiff in that suit claimed to be the owner of the ore in place and entitled to the royalty. The Iron and Steel Company admitted its indebtedness on account of the royalty; but upon a showing that the plaintiffs in error also claimed to be the owners of the ore and entitled to the money, they were allowed to interplead in the action.

The ores in dispute were mined on a certain tract of land formerly owned by W. P. Israel, who granted and conveyed the same to John Sloan by apt words of description: "Reserving a right of way for a road through said lands thirty feet wide to the county road, and also all the minerals underlying the soil to be mined and excavated, from the front on the Ohio river." The plaintiffs in error had succeeded to the title thus conveyed to Sloan.

Afterward, on the 1st of August, 1867, Israel conveyed to John Peters the minerals reserved in the deed to Sloan. The defendant in error has succeeded to the title thus conveyed to Peters.

The court of common pleas rendered judgment in favor of defendant in error. This judgment was affirmed by the district court.

*Dean & Forgey,* for the motion.
*Neal & Cherrington,* contra.

BY THE COURT. In the deed of conveyance from Israel to Sloan, the minerals underlying the soil were excepted from the grant. It is true, the intention of the grantor was expressed by the word "reserving," which technically saves only a right to some use or benefit in the thing granted, instead of excluding or excepting from the operation of the deed a part of the thing embraced in the general description. But while this technical distinction between a reservation and an exception may exist, it is quite clear, from the subject-matter, that "reserving" was here used in the sense of "excepting." The "minerals underlying the soil" being a part of the land described in the deed, and not a mere future benefit or interest therein, there can be no doubt the grantor intended to retain the fee-simple title to the minerals. The defendant in error having succeeded to the interest retained by Israel, and the plaintiffs to that which was conveyed to Sloan, we think the judgment below was right. 30 Verm. 242; 46 Penn. St. 187; 3 Wash. on Real. Prop., side p. 640.

*Motion overruled.*