Davis,' J.
The plaintiffs in error make two contentions: First, that as to the one-half of the gypsum underlying the land there was a severance of the title in the deed of Joseph Gill to Jesse Payne so that the grantor withheld to himself a fee simple in one-half of the mineral estate and conveyed to the grantee all of the other half of the mineral and all other rights in the land; second, that the plaintiffs in error have not lost their rights in the mineral through adverse possession by the defendant and his grantors.
It is familiar law, already recognized by this court in Burgner v. Humphrey, 41 Ohio St., 340 and 352, that the surface of the land and the minerals underlying it may belong to different owners. The doctrine is thus stated, with citations of a great number of authorities: “It is well settled that a mine may be severed from the surface, the surface being held in fee by one person and the mine by another. The ownership of a mine after severance is to all intents and purposes the same as the ownership of land, and is-attended with all the attributes and incidents *303 peculiar thereto. The mine itself may in turn be divided longitudinally and each stratum become the subject of a grant, the mine thus becoming the property of as many owners as there are different strata. Severance may be accomplished by a conveyance of the mines and minerals only, or by a conveyance of the land with a reservation or exception as to the mines and minerals.” 20 Am. & Eng. Ency. Law (2 ed.), 771-773.
The defendant in the case at bar insists upon the technical distinction between a reservation and an exception, maintaining that, since the language of the deed is, “the said Joseph Grill reserves the half of the plaster, etc., which may hereafter he found on said land” it should be construed as a reservation and not an exception; because the express language is that of a reservation and because it is a reservation of something which was not known to. be in esse at the time of the conveyance, as shown by the words, “which may hereafter be found.” Upon the theory that the deed operated only as a reservation to the grantor of something out of the estate granted, it is urged that whatever rights the grantor reserved to himself expired with his life, because there are no words of inheritance in the reservation. The weakness of this theory lies in the fact that it does not give full force and effect to all the words of the deed. Following and in immediate connection with the language above quoted these words occur, “To have and to hold * * * the half of the plaster as above described only excepted * * *.” This language cannot be overlooked nor thrown out of the instrument. The parties meant something in using it and it can only mean that the grantor excepted out of the estate *304 granted and retained in himself the fee simple, which he already had, in the one-half of the plaster. It cannot be maintained that the plaster was not in esse at the time of the conveyance. With good reason it was at that time believed to exist, although it had not been “found;” and hence the reservation or exception. The court found that it exists now and the necessary inference is that it existed then. The case is not at all like cases in which an estate is granted and at the same time some new right or privilege is reserved out of it to the grantor, as, for example, a right of way or other easement.
It is conceded that if the language of the deed constitutes an exception, words of inheritance are not necessary to transmit the estate to the plaintiffs; but the use of the word “reserve” or “reserving” or of other words of similar import, does not necessarily create a technical reservation. The deed may nevertheless operate as an exception. The construction of the deed is to be drawn from the circumstances of each case and from all the words of the instrument, the object being to ascertain and give effect to the intention of the parties. In this case the words are both “reserve” and “except;” and it seems clear to us that not only the language employed but also the facts found by the circuit court justify the conclusion that it was not the intention of the grantor to reserve to himself merely an' immediate privilege which should expire with his own life, but that it was the intention of the parties to except from the grant an absolute and inheritable estate in the one-half of the plaster beneath the surface of the land conveyed. Hay’s Lessee v. Storrs, Wright’s (Ohio) Reports, 711; Sloan v. Furnace Co., 29 Ohio St., 568; Coal Creek Mining Co. v. Heck, *305 15 Tenn. (Lea), 497; State v. Wilson, 42 Me., 9; Bridger v. Pierson, 45 N. Y., 601; Wood v. Boyd, 145 Mass., 176; Whitaker v. Brown, 46 Pa. St., 197.
A separate estate in one-half of the mineral having been excepted by the grantor, it becomes a material question whether the rights of the plaintiffs are lost to them by adverse possession. It is not disputed that title to a mine which has been severed from the title to the surface may be acquired by adverse possession; but this can take place only when the possession is actual, continuous, open, notorious and hostile. It cannot be accomplished by secret trespass upon the owner’s rights and it has been held in many cases that, where there has been a severance of estates, neither the owner of the surface nor the owner of the mine can claim the other estate merely by force of the possession of his own estate. Nor does the mine owner lose his rights by mere nonuser. His title can be defeated only by acts which actually take the mineral out of his possession. We cite some of the cases which support the foregoing propositions. Smith v. Lloyd, 9 Exch., 562; Arnold v. Stevens, 24 Pick. (Mass.), 106; Caldwell v. Copeland, 37 Pa. St., 427; Armstrong v. Caldwell, 53 Pa. St., 284; Kingsley v. Coal & Iron Co., 144 Pa. St., 613; Plummer v. Coal & Iron Co., 160 Pa. St., 483; Algonquin Coal Co. v. Coal & Iron Co., 162 Pa. St., 114; Huss v. Jacobs, 210 Pa. St., 145; Marvin v. Iron Mining Co., 55 N. Y., 538.
In this connection it is--proper to direct attention to the' principle that a tenant in common cannot assert title by adverse possession against his co-tenant unless he shows a definite and continuous *306 assertion of adverse right by overt acts of unequivocal character clearly indicating an assertion of ownership of the premises to the exclusion of the right of the co-tenant. This principle has been so-generally recognized by the courts that it may be said to be elementary. It has been distinctly declared by this court in Youngs v. Heffner, 36 Ohio St., 232. Therefore, when by the exception and severance of title in the mineral by the deed, the grantor, Grill, and the grantee, Payne, became tenants in common in the mineral, each owning one-half,, neither the grantee nor those holding under him could acquire title through the statute of limitations as against the plaintiffs unless they are able to show such open and unequivocally adverse possession of the mineral rights as would put the plaintiffs and their ancestors upon notice. Actual possession of the surface and constructive possession of the mineral under color of deeds will not be sufficient. It. must be an actual interference with the seizin of plaintiffs with denial of their title. The record of deeds from Payne’s executor, and of mesne conveyances down to the defendant, which deeds convey the full title with no exceptions or reservations, cannot operate as adverse possession, nor as notice of an adverse claim. The deeds being silent as to the-mining right in Grill and his heirs, which had been severed by the deed from Grill to Payne, they could only be construed as conveying only such title as Payne, or his grantees, had. As to the severed mining estate, a distinct title must be asserted and established. Kincaid v. McGowan, 88 Ky., 92, and cases cited above. There was no open, unequivocal, exclusive and adverse possession in this case; and to hold otherwise, in our opinion, would be inconsist *307 ent with, the findings of fact and with the line of decisions which we have cited.

Judgment reversed and judgment for plaintiffs in error.

Shauck, C. J., Price, Crew and Summers, J.J., concur.