EDWARDS ET AL., APPELLANTS, *v.* OHIO STATE STUDENTS'
TRAILER PARK CO-OPERATIVE, INC., APPELLEE.

(No. 4220—Decided February 4, 1949.)

*Messrs. Postle & Peters,* for appellants.
*Mr. P. L. Thornbury,* for appellee.

WISEMAN, P. J. This is an appeal on questions of law from the Common Pleas Court of Franklin county which denied a permanent injunction in an action wherein the plaintiffs, appellants herein, sought to enjoin the defendant, appellee herein, from erecting a trailer park on 22 lots owned by it in the Braemar Addition on the ground that defendant violated deed restrictions.

The case was submitted to the trial court upon a stipulation as to certain facts and the evidence. The plat of the Braemar Addition was filed of record in 1925 and contained no restrictions whatsoever. The plat contained 66 lots, 22 of which fronted on Olentangy River road. Only 11 of the 22 lots fronting on such road were subject to restrictions, the remaining

55 lots were not. Title to 51 lots in the addition, including the 22 lots owned by the defendant, which are involved in this case, was acquired by John H. Hislop from the original owners of the plat, and the deed therefor contained no restrictions. John H. Hislop conveyed without restrictions 22 lots to the defendant. In the deeds to 11 of the 22 lots fronting on Olentangy River road from the original owners of the plat, there were restrictions which were, in substance, that only one single-dwelling house, costing not less than $8,000, shall be erected thereon and that there shall be a 60-foot setback from Olentangy River road.

The plaintiffs, being 10 owners of lots fronting on Olentangy River road, seek an injunction against the defendant on the ground that the erection of a trailer park on 22 lots which it owns, the deed to which contained no restrictions, constitutes a violation of the restrictions in the deeds to the lots owned by plaintiffs. In the deeds to the 11 lots restricted, as herein stated, the original grantors and owners of the plat and the purchasers covenanted and agreed that in the deed to each of the other lots there shall be restrictions calling for one single-dwelling house. However, the record shows that the deeds to other lots in the plat did not contain such restrictions. The deed from Hislop to the defendant contained the following provision:

"This deed is executed and delivered by the grantor herein and accepted by the grantee herein subject to all easements, exceptions and conditions of record in any manner affecting the use of said premises."

Are the plaintiffs entitled to the equitable relief prayed for? This case was tried before Judge Cecil J. Randall, who rendered an exhaustive and a well-reasoned written opinion, a copy of which is found in the record. We are in complete accord with the findings and conclusions of the trial judge.

Before the plaintiffs would be entitled to relief it would be incumbent upon them to show that there was a general and uniform plan or scheme of development of such addition, including the lots owned by the defendant, that all the lots were intended to be bound by uniform restrictions for the benefit of the purchasers of all lots in the addition, and that the defendant had notice thereof at the time of purchase. The trial court found that there was no evidence of a general and uniform plan of development of the allotment, except as indicated in the deeds to 11 of the 22 lots fronting on Olentangy River road, which contained uniform restrictions. We are in accord with that finding.

The legal principle involved may be stated as follows:

Where it appears that there was a purchase of lots without restrictions in an allotment and where the conveyance of 55 of 66 lots in the allotment contained no restrictions in accord with the plan of uniform restrictions contained in conveyances of 11 lots, the purchasers of the 55 lots may not be enjoined in the use of such lots in violation of restrictions as to the 11 lots, notwithstanding the fact that in the deeds to the 11 lots the grantors, the original owners of the allotment, and the purchasers convenanted and agreed that in the conveyance of other lots in the allotment the deeds shall contain like restrictions.

This case falls within the principle of law laid down in *Adams* v. *Donovan,* 97 Ohio St., 83, 119 N. E., 252.

As we find no error in the record prejudicial to the rights of the appellants, the judgment is affirmed.

*Judgment affirmed.*

MILLER and HORNBECK, JJ., concur.