KELLEY et al. v. HAAS et al.

Court of Appeals of Kentucky.

Dec. 4, 1953.

Woodward, Bartlett & McCarroll, Owensboro, for appellants.

King & Craig, Henderson, for appellees.

CULLEN, Commissioner.

John R. and James A. Kelley appeal from a judgment holding that George and Mary Haas, and their lessees, are the owners of the oil and gas rights under a certain tract of land in Henderson County. The controversy grows out of a deed executed in 1904, by the ancestors of the Kelleys to the predecessors in title of the Haases. The deed, immediately following the description of the property, contained this language:

"In this conveyance the said amount of land is *subject to* former conveyance by Y L Williams of 5¼ acres to S W Langely of the right of way of the L St L & T R R of a fraction less than 20 acres and *all mineral rights* to said land the amount intended to be conveyed by this deed being the remainder which is 68 acres more or less." (Our emphasis.)

The question is simply whether the quoted language constituted an exception of all the mineral rights, or only of such as had previously been conveyed to others, which happened in this case to be the coal rights only.

The appellees maintain that, because the reference to mineral rights immediately follows the reference to the former conveyances of 5¼ acres and of the railroad right of way, it is clear that the grantors were intending to except only such mineral rights as had formerly been conveyed. They argue that the words "subject to" ordinarily do not convey the meaning of an exception or reservation in favor of the grantor. It is their contention that the clause in question was a *protective* clause, inserted only for the purpose of making clear that the grantors were not purporting to sell something they did not own.

On the other hand, the appellants assert that the deed shows a clear intent to ex-clude "all" mineral rights, and they maintain that the words "subject to" are just as competent as any other words to effectuate an exception or reservation. They point out that if the grantors had intended to except only the coal rights, they would have made specific reference to the former deed conveying the coal rights, as they did with the 5¼ acre parcel and the railroad right of way.

■ Under the rule of law stated in Gibson v. Sellars, Ky., 252 S.W.2d 911, the courts are not permitted to resort to prior conveyances for the purpose of construing a deed unless the language of the deed itself is so ambiguous or obscure as to defy interpretation otherwise. So, we may not take into consideration here the fact that there was a former conveyance of the coal rights only, unless we are unable to discover the intent of the parties from the words of the 1904 deed.

■ As we interpret the deed, it states that the conveyance is "subject to":

1. A former conveyance of 5¼ acres to Langely.

2. A former conveyance of the railroad right of way.

3. All mineral rights.

It will be observed that the words "all mineral rights," in the deed, are not preceded by the word "of," so they are not modified by the words "former conveyance".

It is reasonably clear to us that the deed excepts or reserves all the mineral rights, unless the words "subject to" are not capable in law of accomplishing that purpose. While we are favored with the citation of numerous cases involving construction or application of the words, "subject to," none of the cited cases are authority for the proposition that these words cannot ever create an exception or reservation in favor of a grantor. On the contrary, in Dagrosa v. Calabro, Sup., 105 N.Y.S.2d 178, it was held that the words could be construed as the equivalent of "reserving," and in that

case a deed conveying certain land "subject to" an easement was construed as reserving an easement in favor of the grantor.

We have, in the deed before us, the phrase, "subject to * * * all mineral rights". To say that this was not effective to except or reserve all mineral rights would be to attach an unwarranted importance to the technicalities of the language of conveyancing. It is our opinion that no mineral rights passed to the grantees under this deed.

The judgment is reversed, with directions that it be set aside and another judgment be entered in conformity with this opinion.