[Cite as *Rubel v. Johnson*, 2017-Ohio-9221.]

STATE OF OHIO, MONROE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| GARY A. RUBEL, et al., | ) | CASE NO. 17 MO 0009 |
| | ) | |
| PLAINTIFFS-APPELLANTS, | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| JOHN RICHARD JOHNSON, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |
| | ) | |
| | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from the Court of Common
Pleas of Monroe County, Ohio.
Case No. 2013-271

JUDGMENT:                                  Affirmed.

APPEARANCES:

For Plaintiffs-Appellants:              Atty. Richard A. Yoss
                                                  Atty. Ryan M. Regel
                                                  Atty. Jordan C. Croucher
                                                  Yoss Law Office
                                                  122 North Main Street
                                                  Woodsfield, Ohio 43793

For Defendants-Appellees:           Atty. Eric C. Johnson
                                                  Johnson & Johnson Law Offices
                                                  12. W. Main St.
                                                  Canfield, Ohio 44406

JUDGES:

Hon. Carol Ann Robb
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: December 18, 2017

ROBB, P.J.

{¶1} Plaintiffs-Appellants Gary and Nancy Rubel appeal the decision of the Monroe County Common Pleas Court finding Defendant-Appellee Sheila Johnson owned 1/3 of the mineral interest underlying Appellant's property. The sole issue is whether a 1966 deed transferring property to Appellants contained a mineral reservation where it stated: "Subject, however, to all right, title and interest of the grantor herein in the above three tracts in all minerals rights thereunder including coal, gas and oil." Appellants argued this clause merely conditioned the transfer on what the grantor had the ability to grant and limited the warranty in the deed. Appellee argued the clause constituted a mineral reservation, and the trial court agreed. For the following reasons, the trial court's judgment is affirmed.

STATEMENT OF THE CASE

{¶2} In 1912, Luella Roe and her husband, Francis, conveyed sixty acres in Monroe County "excepting and reserving from the same the undivided one half oil royalty, being the one sixteenth of the oil produced from said premises * * *." In 1948, an estate was opened in the Guernsey County Probate Court for Paul Johnson who died owning four tracts of land including the sixty-acre tract (called tract III). In 1949, the probate court's certificate of transfer was recorded showing ownership of the real estate transferred to three devisees: Ethel Johnson (the decedent's wife), James W. Johnson, and John R. Johnson (the decedent's two children). The description of tract III recited: "EXCEPTING AND RESERVING from the same the undivided one-half oil royalty, being the 1/16th of the oil produced from said premises."

{¶3} In 1966, John and James Johnson sold the 2/3 interest they inherited in tracts I, II, and III to Appellant Gary Rubel. As Appellee Sheila Johnson was married to James Johnson, she was listed in the deed as his wife and a grantor. After the description for tract III, the deed contained a paragraph with the aforementioned "EXCEPTING AND RESERVING" clause concerning the oil royalty. In a separate paragraph was the disputed clause: "Subject, however, to all right, title and interest of the grantor herein in the above three tracts in all minerals rights thereunder

including coal, gas and oil." The deed then noted the property was part of the premises transferred from the estate of Paul Johnson with reference to the recordation of the prior deed.

{¶4} Recorded on the same day was an executor's deed wherein Gary Rubel purchased the remaining 1/3 interest in these tracts (plus three other tracts) from the executor of Jennie Johnson's estate. Pertinent to the sixty-acre tract transferred in the 1912 deed and the 1949 certificate of title, the 1966 executor's deed contained the same "EXCEPTING AND RESERVING" and "Subject, however, to" clauses as the 1966 general warranty deed executed by John, James, and Sheila Johnson (for their 2/3 interest). Jennie Johnson had obtained her 1/3 interest via a quitclaim deed recorded in 1949, wherein Ethel Johnson (her daughter-in-law) transferred the 1/3 share in the three tracts Ethel had just inherited from her husband. The 1949 deed repeated the "EXCEPTING AND RESERVING" clause describing the oil royalty, and this deed is said to be the first time the "Subject, however, to" clause was used in *Appellants*' chain of title. However, this 1949 quitclaim deed and the subsequent 1966 executor's deed is not part of *Appellee's* chain of title. It is the 1966 general warranty deed from John and James Johnson to Gary Rubel on which Appellee's claim is based.

{¶5} James Johnson died in 1985. The parties agreed Appellee would have inherited her husband's 1/3 mineral interest if it was reserved by James in the 1966 deed transferring his 1/3 share in the property to Gary Rubel. John Johnson created a trust naming Ohio University Foundation as a beneficiary. In 2011, John filed a claim to preserve the minerals underlying the three tracts transferred to himself, his mother (Ethel), and his brother (James) by Paul Johnson's estate. His incorporated affidavit stated he inherited his mother's 1/3 mineral interest when she died in 2004.

{¶6} In 2006, Gary Rubel executed a deed transferring his property to himself and his wife, Nancy Rubel, joint and survivor. The deed did not contain either the "excepting and reserving" or the "subject, however, to" clause. In 2013, the Rubels caused to be recorded an "affidavit on facts relating to title" under R.C. 5301.252 and then filed a complaint against Sheila Johnson and John R. Johnson,

individually and as trustee. The complaint sought a declaratory judgment that the clause beginning with "subject, however, to" was not a reservation and did not create a new severed mineral interest. (The complaint also sought a declaration that any mineral interests were abandoned under the 1989 version of the Dormant Mineral Act. After the Supreme Court's decision in *Corban* was released, this count was withdrawn.)

{¶7} A successor trustee and then Ohio University Foundation were substituted as parties in place of John Johnson, who had died in 2012. On October 15, 2015, a settlement was entered regarding any mineral interest claimed to be derived from John Johnson (which included the 1/3 he claimed he reserved in the 1966 deed and the 1/3 he said he inherited from Ethel who was said to have reserved her mineral interest in the 1949 deed). Under the confidential settlement agreement, Ohio University Foundation quitclaimed whatever interest John had in the minerals under the three tracts to Appellants. This left in dispute the 1/3 mineral interest claimed by Appellee as having been reserved by her husband (James) in the 1966 deed.

{¶8} On December 8, 2016, the parties filed agreed stipulations "so as to avoid the necessity of any trial in the matter and to permit the Court to decide the matter upon the submission of written briefs to be submitted by the parties * * *." The agreement set deadlines for the briefs and for any responding briefs. The parties stipulated to various facts and to the admissibility of exhibits attached to the agreed stipulations. They agreed the sole issue was whether the "subject to" language in the 1966 warranty deed was effective as a reservation of mineral rights. If so, then Appellee was the owner of a 1/3 mineral interest under the three tracts; if not, then Appellants owned this 1/3 (and already owned the other 2/3).[1]

---

[1] There was no dispute between these parties regarding the 1912 oil royalty, and their stipulations claimed it expired upon the death of the 1912 grantor under the law as it existed at that time (because it did not contain a reference to "heirs and assigns"), citing *Holdren v. Mann*, 7th Dist. No. 592, 1985 WL 10385 (Feb. 13, 1985) ("Prior to the enactment of G.C. 8510-1, now R.C. 5301.02, in 1925, if a reservation in a deed was to be anything other than a life estate in the grantor, the deed must have contained words of inheritance.").

**{¶9}** Appellants filed a brief arguing the phrase "subject to" is used in order to refer to what has already transpired, which in this case would simply be a reference to the 1912 oil royalty and any other overlooked events. Appellants emphasized how the deed used "excepting and reserving" (and capitalized it) when describing the prior oil royalty and suggested the grantors would have used this type of language again if they intended to create affirmative rights and reserve a mineral interest. It was claimed the "subject, however, to" clause merely represented the grantors' intent to condition the transfer on what they had the ability to give and was common language used to protect the grantor against a breach of warranty claim. They cited a Texas appellate court case for the proposition that the phrase "subject to" in a conveyance does not create affirmative rights. Appellants concluded the language clearly and unambiguously did not create a new mineral reservation and alternatively argued any ambiguity should be construed in their favor as the grantee.

**{¶10}** Appellee filed what was labeled a motion for summary judgment.[2] Appellee urged that although a "subject to" clause is sometimes used to avoid liability on a breach of warranty claim, the use of the phrase does not preclude the reservation of an interest. She insisted the only logical reading of the disputed clause is that the "grantor herein" was reserving "all mineral rights" in the "three tracts." Appellee pointed out that the disputed clause only referred to mineral interests and suggests a typical limiting clause would provide the transfer is "subject to restrictions, covenants, conditions, reservations, etc. existing of record." Appellee posited the grantors had no need to warn the grantee about the prior oil royalty issue via the "subject to" clause because the prior clause had just disclosed the oil royalty by quoting it.

**{¶11}** Emphasis was also placed on the deed's concluding paragraph which stated: "title so conveyed is Clear, Free and Unencumbered; And Further, That they do Warrant and will Defend the same against all claim or claims, of all persons

---

[2] The trial court thereafter issued an entry stating the parties agreed this motion for summary judgment would serve as the brief the parties agreed to submit in the stipulations. The entry also said the parties agreed the brief filed by Appellant as contemplated by the parties' stipulations may be viewed by the court as a summary judgment motion.

whomsoever; Excepting all taxes and assessments due and payable after the December 1965 tax installment, which taxes and assessments after said installment, the Grantee herein assumes and agrees to pay." Appellee reasoned if the disputed clause was meant to protect the grantors from a warranty claim, it would have appeared at this location, rather than after the property description. Appellee also noted the use of the word "excepting" (with regards to taxes) in order to make the point that words must be read in context as this use of "excepting" was not a retention by the grantor.

{¶12} Appellee cited Ohio cases involving deeds which used the phrase "subject to" when creating an interest. She emphasized the law does not require the "magic" words "excepting" or "reserving" in order for a grantor to retain their mineral interest during a property transfer. Appellee stated the capitalization of the words "excepting and reserving" was not significant as this was copied from the last document in the chain of title (the certificate of title issued by the probate court). Appellee explained that the 1966 deed's use of the "subject, however, to" clause would not have been a mere reference to Ethel's prior use of the term in 1949 because the 1949 deed is not in her chain of title. Although the 1949 deed (from Ethel to Jennie Johnson) lies outside of Appellee's chain of title and the pertinent 1966 transaction involved a warranty deed, Appellee noted the 1949 deed contained the same clause even though it was a quitclaim deed with no need to limit liability.

{¶13} Appellants replied by pointing out this was extrinsic evidence; they also asserted quitclaim deeds have been known to contain "subject to" clauses (with general references to prior transactions) even though such deeds contain no warranty. Appellants acknowledged "subject to" can preface the creation of a reservation if the grantor has a pre-existing document which is referred to or if the clause contains additional language such as a form of the word "reserve." They also pointed to distinguishing aspects of the case law cited by Appellee.

{¶14} On April 12, 2017, the trial court issued judgment in favor Appellee declaring she was the owner of the disputed 1/3 mineral interest under the three tracts. The court found the relevant language in the 1966 deed clearly and

unambiguously created a reservation of the mineral interest. The court concluded there was no other logical interpretation. The within appeal followed.

<u>GENERAL LAW</u>

**{¶15}** Appellants begin by setting forth the standard of review for summary judgment. For instance, summary judgment can be granted where there remain no genuine issues of material fact for trial and where, after construing the evidence most strongly in favor of the non-movant, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 10, citing Civ.R. 56(C). The appellate court reviews the trial court's application of the summary judgment standard de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390, 738 N.E.2d 1243 (2000). While arguing summary judgment was improperly granted in favor of Appellee, Appellants also ask for summary judgment in their favor (which would make them the movants for this argument).

**{¶16}** Appellee points out the parties' stipulations agreed to submit the matter to the trial court on the stipulated facts, exhibits, and briefs in lieu of trial. As aforementioned, the stipulations specified they were submitted "so as to avoid the necessity of any trial in the matter and to permit the Court to decide the matter upon the submission of written briefs to be submitted by the parties * * *." Appellee therefore concludes our review does not require reference to summary judgment standards, while noting there would still be a de novo review on legal issues involving construction of the deed. An appellate court's review is more limited if the trial court had to make factual determinations.

**{¶17}** "Unlike determinations of fact which are given great deference, questions of law are reviewed by a court de novo." *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm*, 73 Ohio St.3d 107, 108, 652 N.E.2d 684 (1995). "If a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined." *Id.*, quoting *Inland Refuse Transfer Co. v. Browning-Ferris Industries of Ohio, Inc.*, 15 Ohio St.3d 321, 322, 474 N.E.2d 271 (1984). "However, if a term cannot be determined from the four corners of a contract, factual

determination of intent or reasonableness may be necessary to supply the missing term." *Inland Refuse*, 15 Ohio St.3d at 322. These principles apply even in a case involving an agreement to submit stipulations and briefs in lieu of an evidentiary hearing. *See, e.g., Taylor v. Kemp*, 7th Dist. No. 05 BE 13, 2005-Ohio-6787, ¶ 24-27.

**{¶18}** The purpose of contract or deed construction is to ascertain the intent of the parties which is presumed to reside in the language they chose to use in their agreement. *Graham v. Drydock Coal Co.*, 76 Ohio St.3d 311, 313, 667 N.E.2d 949 (1996). In determining the intent of the parties to the deed, extrinsic evidence is admissible if the contract is unclear or ambiguous or if circumstances surrounding the agreement give the plain language special meaning. *Id.* at 313-314, citing *Shifrin v. Forest City Ent., Inc.*, 64 Ohio St.3d 635, 638, 597 N.E.2d 499, (1992). "If we are able to determine the intent of the parties from the plain language of the agreement, then there is no need to interpret the contract." *Saunders v. Mortensen*, 101 Ohio St.3d 86, 2004-Ohio-24, 801 N.E.2d 452, ¶ 9.

**{¶19}** "[C]ommon words appearing in a written instrument are to be given their plain and ordinary meaning unless manifest absurdity results or unless some other meaning is clearly intended from the face or overall contents of the instrument." *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, 245-46, 374 N.E.2d 146 (1978). "Even though most words in the English language have multiple meanings, ambiguity should not be created where it does not exist." *Dominish v. Nationwide Ins. Co.*, 129 Ohio St.3d 466, 2011-Ohio-4102, 953 N.E.2d 820, ¶ 7. Words or phrases should not be read in isolation. *Id.* at ¶ 8. If intent cannot be determined from the contract or if a provision is "reasonably susceptible of more than one meaning," then it is ambiguous. *Lightning Rod Mut. Ins. Co. v. Southworth*, __ Ohio St.3d __, 2017-Ohio-7438, __ N.E.2d __, ¶ 12. If parol evidence is then employed and it fails to clarify the meaning of the contract, then the contract is strictly construed against the drafter; interpreting the written instrument against the drafter is a secondary rule of contract construction. *Cadle v. D'Amico,* 2016-Ohio-4747, 66 N.E.3d 1184, ¶ 33 (7th Dist.) ("Construing a contract against the drafter is a

secondary rule of contract construction, and is applicable when the primary rules of contract construction * * * fail to clarify the meaning of the contract."); *Envision Waste Services, LLC v. County of Medina*, 9th Dist. Nos. 15CA0104-M and 15CA0105-M, 2017-Ohio-351, ¶ 15. "In case of doubt, it is said, the conveyance is to be construed most strongly as against the grantor, or in favor of the grantee on the theory, it seems, that the words used are to be regarded as the words of the grantor rather than of the grantee." *Pure Oil Co. v. Kindall*, 116 Ohio St. 188, 202-203, 156 N.E. 119 (1927) (in cases where the contractual language is ambiguous and the drafter is unknown).

{¶20} The sole issue is whether any mineral interest was conveyed to the grantee in the 1966 general warranty deed. The parties agreed the mineral interest was not conveyed to the grantee if the following clause constitutes an exception or a reservation of the grantor's mineral interest: "Subject, however, to all right, title and interest of the grantor herein in the above three tracts in all minerals rights thereunder including coal, gas and oil." We stop to point out that the parties note the difference between an exception and a reservation, but they then proceed under the premise that the use of either word would have precluded the mineral interest from being conveyed. An exception exists when the grantor retains a part of the estate that can be enjoyed separate from the estate conveyed to the grantee; the grantor retains title to the excepted part of the realty. *Clark v. Guest*, 54 Ohio St. 298, 303, 43 N.E. 862 (1896). A reservation is said to be the mere right or privilege, reserved by the grantor, to use the estate which is not part of the realty itself but issues out of it (such as rent or the right to timber as it is cut); the title to the whole estate passes to the grantee, but it is burdened by the right reserved. *Id.* at 303-304.[3] Even though the terms mean different things, excepting and reserving are often used interchangeably or at the same time. *See, e.g., American Energy Corp. v. Datkuliak*, 174 Ohio App.3d 398, 2007-Ohio-7199, 882 N.E.2d 463, ¶ 75 (7th Dist.).

---

[3] In the past, an exception did not require words of inheritance to survive the grantor's death, but a reservation expired with the grantor unless there were words of inheritance. The requirement of words of inheritance was eliminated by a 1925 statute as set forth in a prior footnote.

**{¶21}** The particular term used will not necessarily establish whether an exception or a reservation has been created. *Id.* "Whether the language used in a deed creates a reservation or exception from the grant depends upon the intention of the parties as evinced by a construction of the whole instrument in the light of the circumstances of each case." *Gill v. Fletcher*, 74 Ohio St. 295, 78 N.E. 433 (1906), syllabus. *See also Sloan v. Lawrence Furnace Co.*, 29 Ohio St. 568 (1876), syllabus ("The words 'reserving all the minerals underlying the soil,' in the granting clause of a deed for the conveyance of real estate, constitute, prima facie, an exception of the minerals from the operation of the grant.")

**{¶22}** Similarly, Appellants seem to acknowledge the use of a certain word or phrase (such as "subject to") does not per se establish there was no exception or reservation. Although Appellants point out the deed did not use the term "excepting" and/or the term "reserving" when referring to the grantor's minerals, Appellant acknowledges there is no magic language required to create an exception or a reservation. Again, the parties are not asking us to differentiate between an exception or a reservation. Rather, both sides agree that if the language is an exception or a reservation, then Appellant was not granted the mineral interest when the property was conveyed in the 1966 deed. In other words, Appellant admits that either an exception or a reservation would have precluded the minerals from being conveyed in the 1966 deed. Finally, we note the term mineral "reservation" is used by the parties to cover either an exception or a reservation. *See generally Chesapeake Expl., L.L.C. v. Buell*, 144 Ohio St.3d 490, 2015-Ohio-4551, 45 N.E.3d 185, ¶ 23 ("The owner who conveys the surface estate may retain an interest in the mineral estate by reservation"; upon such severance, neither the surface nor the minerals actually has full ownership as each has rights subject to the other). With these standards and agreements in mind, we proceed to the disputed points.

ASSIGNMENTS OF ERROR

**{¶23}** Appellants set forth the following three assignments:

"The Trial Court erred in interpreting the contract language used in the 1966 Deed between John Richard Johnson, James Johnson, Sheila Johnson, and Gary & Nancy Rubel and misapplied contract law as a result."

"The Trial Court erred in granting Appellee's Motion for Summary Judgment, finding that 'subject to' language used in a Warranty Deed created a reservation of a mineral interest."

"The Trial Court erred in finding the contract language unambiguous in favor of Appellee."

{¶24} As touched on above, Appellants note the deed's use of "excepting" and "reserving" when referring to a prior oil royalty reservation on track III and the lack of such words when referring to the entire mineral interest. Appellants insist the "subject to" clause does not plainly show the grantor's intent to except or reserve the mineral interest. They say their argument does not ask for the clause to be ignored but asks for the clause to be interpreted as merely conditioning the transfer on what the grantor had the ability to give (at least when it came to the minerals). Appellants note the clause was placed after the recitation of the prior oil royalty reservation. They conclude the clause is a reference to any events that may have already transpired.

{¶25} Appellants say the "subject to" clause was a mere limitation on the warranty granted in the deed (i.e., a fail-safe) in case there were other mineral reservations besides the oil royalty on tract III, stating this is a common use of the clause. Appellants state Appellee cited no case where the phrase "subject to" *created* a mineral reservation *on its own* (without other words of import). Appellants define "subject to" as meaning conditional or dependent upon something, concluding its use requires the thing referred to in the clause to already exist and insisting the bare phrase does not affirmatively create a right. They rely on *Walker* from a Texas appellate court. Although they insist the disputed clause is clearly and unambiguously not an exception or reservation of the grantor's mineral interest, they alternatively posit the clause must be construed against the grantor (and now Appellee) if we conclude it is ambiguous.

ANALYSIS

**{¶26}** A "subject to" clause can be used as a precaution to limit a grantor's liability under the deed's warranty in order to avoid a future breach of warranty claim. The parties refer to the following example: "subject to restrictions, covenants, conditions, limitations, easements, rights of way, and reservations existing of record * * *." *See generally Miller Lakes Community Servs. Assn., Inc. v. Schmitt*, 9th Dist. No. 15AP0010, 2016-Ohio-339, ¶ 6. *See also Edwards v. Ohio State Students' Trailer Park Co-operative*, 84 Ohio App. 518, 519, 88 N.E.2d 187 (2d Dist.1949) ("This deed is executed and delivered by the grantor herein and accepted by the grantee herein subject to all easements, exceptions and conditions of record in any manner affecting the use of said premises."). When used in this manner, the clause is considered "a type of savings clause limiting the general warranty," and if there were no such restrictions previously created, the sentence has no meaning except as a "precautionary measure." *Wilson v. Tuttle & Son Construction, Inc.*, 3d Dist. No. 2-81-14 (Feb. 18, 1982) ("Said premises are conveyed subject to the restrictions and conditions contained in former deeds for this lot and effective at this date.").

**{¶27}** In urging a "subject to" clause is a reference to any events that may have already transpired, Appellants distinguish cases cited by Appellee where courts found a reservation in the "subject to" clause. Appellants state the "subject to" clause in some cases was referring to or incorporating an easement, dedicated road, or document that was pre-existing rather than creating a new right. *See, e.g., Miller v. Romanauski*, 8th Dist. No. 100120, 2014-Ohio-1517, ¶ 6 ("subject to all legal highways and 25 feet off the south side thereof for Fernhall Road, proposed."); *Parker v. Parker*, 4th Dist. No. 99CA845 (Sep. 28, 2000) ("This transfer is subject to rights as stated in the Decree of Dissolution of Marriage * * *").[4]

**{¶28}** Nonetheless, "subject to" has been utilized in deeds for other purposes. As the parties agree, prefacing a clause with "subject to" does not preclude the

---

[4] On the other hand, "all right, title, and interest" to "all mineral rights" of the "grantor herein" underlying the property represents a concrete and pre-existing item at the time of the property's conveyance and is further described as including coal, oil, and gas; an easement that is not pre-existing would have to be defined in some way to create it.

clause from containing an exception or reservation. Still, Appellants suggest that in order for the grantor to own the minerals, the clause would have to include words akin to "subject to the grantor excepting his mineral rights" or "subject to the grantor reserving his mineral rights" or even "subject to: the grantor is not conveying his mineral rights in this transaction." *See, e.g., Lone Star Steakhouse & Saloon of Ohio, Inc. v. Ryska*, 11th Dist. No. 2003-L-192, 2005-Ohio-3398, ¶ 26 ("Subject to Lessor reserving a twenty-four foot easement for the length of the property on the Westerly side"); *Slaine v. Drevon*, 5th Dist. No. CA-5713 (Dec. 23, 1981) ("Subject however to a reservation for street purposes of a strip of land twenty feet in width off the west end of this tract."); *Bowers v. Kerman*, 35 Ohio App. 44, 45, 171 N.E. 604 (9th Dist.1930) ("This property is conveyed subject to the following restrictions and limitations which are reserved by the said grantor * * *").

{¶29} As aforementioned, Appellants agree magic words are not required and a variation of "except" or "reserve" is not required. *See Gill*, 74 Ohio St. 295 at syllabus ("Whether the language used in a deed creates a reservation or exception from the grant depends upon the intention of the parties as evinced by a construction of the whole instrument in the light of the circumstances of each case."). For instance, this court found coal was clearly excepted from the conveyance by the second half of the clause, "All coal underlying said lands has been heretofore transferred and no rights to coal are intended to be conveyed by this deed." *Stobbs v. Johnson*, 7th Dist. No. 88-B-3 (Apr. 6, 1989) (even though only one seam of coal had been transferred previously). Appellants state the language, "no rights to coal are intended to be conveyed" is clearer than the language in the clause at issue in the case at bar, while Appellee points out the first part of the clause in *Stobbs* was untrue and thus made the second part less clear than Appellants suggest.

{¶30} There are cases finding a clause in a deed created a new easement (as opposed to merely referencing any prior easements) via a "subject to" clause without the addition of the term "reservation" or "exception" or the phrase "the grantor does not convey" or "the grantor retains." *See Clark v. Butler,* 4th Dist. No. 12CA3315, 2012-Ohio-5618, ¶ 9; *Dagrosa v. Calabro*, 105 N.Y.S.2d 178, 181 (1951). Appellants

believe the creation of an easement is different than the creation of a mineral reservation, and Appellee responds that Appellants' position on this particular topic is not explained or supported. This parallel between easements and mineral reservations was recognized by a Kentucky appellate case which found a mineral reservation was created by a "subject to" clause; the case is addressed further below. *Kelley v. Haas*, 262 S.W.2d 687, 688-689 (Ky.App.1953), citing *Dagrosa*, 105 N.Y.S.2d 178. On the topic of life estates, there are cases where the courts presuppose a phrase such as "subject to a life estate in the grantor" created a reservation. *See, e.g., Nelson v. Parker*, 687 N.E.2d 187 (Ind.1997) (where the issue before the Indiana Supreme Court was whether the state would maintain the common law rule that a new reservation cannot be made in favor of a third party or "stranger to the deed").

**{¶31}** Appellants rely on the following statements in a Texas appellate case regarding the phrase "subject to" as used in a deed: "The principal function of the 'subject to' clause in the conveyance of a mineral interest is to protect the grantor against a claimed breach of warranty"; the ordinary meaning of the phrase is "limited by" or "subordinate to"; and the phrase "does not have the effect of creating any affirmative rights." *Walker v. Foss*, 930 S.W.2d 701, 706 (Tex.App.1996). Before reviewing *Walker*, we note the Texas Supreme Court has also made the first two observations, agreeing the principal function of a subject to clause in a deed is to protect a grantor against a claim for breach of warranty. *Wenske v. Ealy*, 60 Tex. Sup. C.J. 1433, 521 S.W.3d 791, 796 (2017), relying on Smith, *The "Subject To" Clause*, 30 Rocky Mtn. Min.L.Inst., Section 15.01 (1984).

**{¶32}** But, the Texas Supreme Court also recognized "subject-to clauses are widely used for other purposes" and shunned the employment of "magic words" or mechanical rules. *Id.* at 796-797 (in a case asking which portion of the mineral interest was burdened by a prior royalty). Although the majority in *Wenske* found the clause before the court indicated an intent to avoid a breach of warranty claim under the facts of that case (rather than an attempt to make a reservation free of the pre-existing oil royalty), they refused to overrule a prior case finding a "subject to" clause

limited the estate granted and did not merely protect against warranty claims. *Id.* at 794-795, citing *Bass v. Harper*, 441 S.W.3d 825 (Tex.1969) (partly relying on the location of the subject to clause in the deed so that it was tied to the grant rather than the warranty). An emphasized premise underlying the results of each case is embodied in the following statement: "Given the enormous power of context to transform the meaning of language, courts should resist rulings anchored in hyper-technical readings of isolated words or phrases." *Wenske*, 521 S.W.3d at 797.

**{¶33}** Returning to the cited *Walker* case it should be pointed out that after finding the first two instances of "subject to" did not create an affirmative right (because the language after the clause merely referred to a prior recorded life estate and a prior recorded oil and gas reservation), the Texas appellate court concluded an affirmative right *was* created by a third use of the clause in combination with the subsequent wording. *Walker*, 930 S.W.2d at 707. That is, after finding a "subject to" clause mentioning a prior recorded life estate and a prior recorded mineral reservation did not create new rights, the court found a new interest was created by a "subject to" clause followed by a "[r]eservation of a 1/16th over-riding royalty for a period of 20 years from the date hereof unto the grantor herein." *Id.* at 706-707 (emphasizing "and" after the quoted clauses to show the phrase "subject to" applied to each of the three disputed clauses). In support of Appellants' argument, we recognize the *Walker* deed contained the word "reservation" in the pertinent "subject to" clause. On the other hand, we note the *Walker* court emphasized the reference to "the grantor herein" in finding a new reservation was created. *Id.* at 707.

**{¶34}** Similarly, an Arkansas appellate court held the clause "[s]ubject to reservation of all oil, gas, and other minerals" (in the granting clause immediately following the legal description) unambiguously reserved a valid mineral interest in the grantor. *Barger v. Ferrucci*, Ark. App. No. CA 10-797, 2011 Ark. App. 105. The court emphasized the word "all" and noted the "subject to" clause did not refer to a prior limitation or any other recordings. *Id.* ("Despite appellants' argument that 'subject to' may not create an affirmative right, our examination of this deed from its four corners

convinces us otherwise."). Again, we recognize the deed in the *Barger* case contained the word "reservation" in the "subject to" clause.

**{¶35}** Even if the bare phrase "subject to" does not denote the creation of affirmative rights, affirmative rights can be created due to the words used in conjunction with the phrase. Different "subject to" clauses in the same deed can have different meanings depending on their context. The first paragraph of the secondary source cited in *Walker* and *Wenske* states the use of a subject to clause "as a mechanism for retaining an interest in the grantor" is "likely to introduce an element of ambiguity into the deed * * *." Smith, *The "Subject To" Clause*, 30 Rocky Mtn. Min. L. Inst. Yet, the cases of *Bass*, *Walker,* and *Barger* did not find an ambiguity by the use of the phrase when creating a reservation. Still more on point, there are instances of courts around the country finding the use of the phrase "subject to" did not make it ambiguous as to whether a reservation was created and instead found the language in the clause unambiguously showed the grantor retained the right listed after the clause, even where a word such as "reservation" was not used in the clause.

**{¶36}** For instance, in the Nebraska Supreme Court's *Bulger* case, the granting clause of the deed contained the legal description of the property which concluded by stating, "together with all appurtenances to the same belonging, and all the estate, title, dower, right of homestead, claim or demand whatsoever of the said grantors, of, in or to the same, or any part thereof; subject to ONE-HALF OF ALL OIL AND MINERAL RIGHTS." *Bulger v. McCourt*, 179 Neb. 316, 318, 138 N.W.2d 18 (1965). The grantee argued the "subject to" clause was not an exception or a reservation of one-half of the mineral rights "but was merely a limitation on the liability of the grantors under the warranty deed." *Id.* at 319. The Nebraska Supreme Court disagreed and upheld the entry of summary judgment in favor of the grantor's successors.

**{¶37}** The state supreme court explained the phrase "subject to" was "often used by nonlawyers to cover exceptions, reservations, and exclusions." *Id.* at 322. The court stated the phrase has "no well-defined meaning, although ordinarily it will

mean subordinate to, subservient to, or governed or affected by." *Id.*, citing Black's Law Dictionary, 1594 (4th Ed.). The court noted its prior general definition for the phrase as "dependent upon" or "limited by" but then announced: "the expression 'subject to' is a term of qualification which acquires its meaning from the context in which it appears." *Bulger*, 179 Neb. at 322. The Nebraska Supreme Court concluded:

> the ordinary person would readily interpret the conveyance as a retention by the grantor of one-half of all oil and mineral rights. To hold that the questioned language in the granting clause, without more appearing, was solely a limitation on the liability of the grantors under the warranties in the deed, would actually be a strained and unnatural construction.

*Id.* at 321-322 (finding it "evident" the grantor created a mineral reservation by stating the grant was "subject to one-half of all oil and mineral rights").

**{¶38}** An aforementioned Kentucky appellate decision is another case on point where the court ruled on the effect of a deed which stated the conveyance "is subject to * * * all mineral rights * * *." *Kelley v. Haas*, 262 S.W.2d 687, 688-689 (Ky.App.1953). The issue was "simply whether the quoted language constituted an exception of all the mineral rights, or only of such as had previously been conveyed to others, which happened in this case to be the coal rights only." *Id.* at 688. The successors to the grantors argued "the deed shows a clear intent to exclude 'all' mineral rights, and they maintain that the words 'subject to' are just as competent as any other words to effectuate an exception or reservation." *Id.* The grantees' successors argued the "subject to" clause was a protective clause "inserted only for the purpose of making clear that the grantors were not purporting to sell something they did not own." *Id.* The trial court agreed with the latter argument, but the appellate court reversed the holding:

> It is reasonably clear to us that the deed excepts or reserves all the mineral rights, unless the words 'subject to' are not capable in law of accomplishing that purpose. While we are favored with the citation of

numerous cases involving construction or application of the words, 'subject to,' none of the cited cases are authority for the proposition that these words cannot ever create an exception or reservation in favor of a grantor. * * * We have, in the deed before us, the phrase, 'subject to * * * all mineral rights'. To say that this was not effective to except or reserve all mineral rights would be to attach an unwarranted importance to the technicalities of the language of conveyancing. It is our opinion that no mineral rights passed to the grantees under this deed.

*Id.* at 688-689.

{¶39} Once again, the disputed clause before us reads: "Subject, however, to all right, title and interest of the grantor herein in the above three tracts in all minerals rights thereunder including coal, gas and oil." As set forth supra, the use of a "subject to" clause is not dispositive; the clause can introduce notice of a prior reservation or it can create a new reservation. Use of the word reservation or exception is not an absolute requirement in order for a grantor to create a new affirmative right during a conveyance. Context, rather than talismanic incantation, is the consideration. In other words, magic words are not required. *See Gill*, 74 Ohio St. 295 at syllabus (consider the whole instrument reading the language in its context to ascertain if it created an exception or a reservation of minerals).

{¶40} The language before us is even more indicative of a reservation or exception of the grantor's mineral interests than that used in the deeds in the *Kelley* and *Bulger* cases, which fully support Appellee's position and are persuasive authority. The reference to "grantor herein" after the "subject, however, to" clause is a factor leaning toward the reservation or exception from the conveyance as opposed to a mere limitation on the warranty. *See Walker*, 930 S.W.2d at 706-707. The clause refers to the grantor's right, title, and interest in a specific severable item. In addition, the clause refers to "all" title of the grantor herein in "all" mineral rights. It also provides examples such as coal, gas, and oil. The prior reservation of record referred before this clause was merely an oil royalty. Also, the prior reservation of the oil royalty only related to tract III but the "subject, however, to" clause relates to all

mineral rights under all "three tracts" being described. Moreover, the clause was immediately after the legal description of the property being conveyed and is not connected to the warranty clause.

**{¶41}** Contrary to Appellant's initial contention, the "subject to" clause in the pertinent deed does not refer to a mere limitation on the warranty. Rather, the mineral rights were clearly and unambiguously excepted or reserved by the particular "subject to" clause involved in the context of this case. This court comes to a conclusion similar to the Kentucky appellate court in *Kelley* and the Nebraska Supreme Court in *Bulger*. An "ordinary person would readily interpret the conveyance as a retention by the grantor of * * * mineral rights" and to hold the clause was "solely a limitation on the liability of the grantors under the warranties in the deed, would actually be a strained and unnatural construction." *See Bulger*, 179 Neb. at 321-322. In accordance, the trial court's judgment is affirmed.

Donofrio, J., concurs.

Waite, J., concurs.